IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAUREN W., by and through her Parents, JAMES W. AND JEAN W., Plaintiffs, | : : : : | CIVIL ACTION |
| | : | NO. 02-CV-4775 |
| v. | : : | (Judge Hutton) |
| RADNOR TOWNSHIP SCHOOL DISTRICT, Defendant. | : : : : | |

**THE DEFENDANT, RADNOR TOWNSHIP SCHOOL DISTRICT'S ANSWER TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND DECLARATORY RELIEF**

The Defendant, Radnor Township School District (hereinafter referred to as the "District"), by and through its attorneys, Sweet, Stevens, Tucker & Katz LLP, present the following response to Plaintiff's Motion for Declaratory and Preliminary Injunctive Relief:

**Introduction**

The District has offered Plaintiff, a special education student, a program and placement in the District for the upcoming 2002-03 school year. The Plaintiff requested an administrative due process hearing concerning the proposed program and placement. The first hearing session occurred on Monday, July 22, 2002.

The Plaintiff also filed the instant federal court action seeking a declaration that she should be placed at the Hill Top Preparatory School ("Hill Top"), where she has been for the past three (3) school years, and the District should pay for it during the pendency of the ongoing administrative proceedings.

The District responds that this Motion should be denied and dismissed because Plaintiff is solely seeking a monetary award, tuition for Hill Top during the pending administrative proceedings. There is nothing to prevent Plaintiff from continuing at Hill Top for the upcoming school year, and seeking tuition reimbursement in the administrative forum.[1]

1. Admitted in part, denied in part. It is admitted that Plaintiff is a student eligible for special education services pursuant to the IDEA. It is admitted that the IDEA requires students to remain in the "last agreed upon placement" during the pendency of administrative proceedings. All remaining allegations contained in Paragraph One are denied.

2. Admitted.

3. Admitted in part, denied in part. It is admitted that in November 2000, the Board of Directors (incorrectly referred to as the "Board of Education") of the District approved, in public session, a settlement agreement which permitted Plaintiff to continue her placement at Hill Top for the 2000-01 school year at District expense. It is admitted that Plaintiff never executed the proposed settlement agreement, including the provision of the settlement agreement waiving pendency. All remaining allegations contained in Paragraph Three are denied.

4. Admitted. By way of clarification and further admission, the Plaintiff continued to be enrolled at Hill Top for the 2000-01 and 2001-02 school years.

---

[1] Despite its belief that Plaintiff has been offered an appropriate program and placement at the District for the 2002-03 school year, the District made a written Offer of Settlement to Plaintiffs' counsel on June 25, 2002 wherein the District agreed to "fund the tuition costs of the student attending Hill Top for the 2002-2003 school year, including transportation." Since Plaintiff has rejected this good faith offer and pursued this litigation the District seeks to recover its fees and costs incurred subsequent to the offer of June 25, 2002, in accordance with 20 U.S.C. § 1415(i)(3)(D)(i).

2

5.  Admitted.

6.  Denied.

7.  Denied.

8.  Denied.

9.  Admitted in part, denied in part. It is admitted that 20 U.S.C. § 1415(j) provides calls for special education students to be placed in the last agreed upon placement during the pendency of administrative proceedings. All remaining allegations contained in Paragraph Nine are denied.

10. Admitted in part, denied in part. It is admitted that Plaintiff is solely seeking funding for Hill Top tuition for the 2002-03 school year, during the pendency of the ongoing administrative proceedings. All remaining allegations contained in Paragraph Ten are denied.

**WHEREFORE**, the Defendant, Radnor Township School District, respectfully requests that Plaintiffs' Motion for Preliminary Injunction and Declaratory Relief be denied and dismissed. The Defendant further requests attorneys' fees and costs associated with defending Plaintiffs' Motion, and all other relief too which it may be entitled.

Respectfully submitted:

**SWEET, STEVENS, TUCKER & KATZ LLP**

Date: <u>August 5, 2002</u>   By:_____
**Ellis H. Katz,** Attorney I.D. No. 34835
**Jason R. Wiley,** Attorney I.D. No. 79874
331 Butler Avenue, P.O. Box 5069
New Britain, Pennsylvania 18901
215-345-9111
Attorneys for Defendant,
Radnor Township School District

3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LAUREN W.**, by and through her Parents, **JAMES W. AND JEAN W.**, Plaintiffs, | : <br> : **CIVIL ACTION** <br> : <br> : **NO. 02-CV-4775** |
| v. | : <br> : **(Judge Hutton)** |
| **RADNOR TOWNSHIP SCHOOL DISTRICT**, Defendant. | : <br> : <br> : |

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of the Plaintiffs' Motion for Preliminary Injunction and Declaratory Relief and Defendant's response thereto, it is hereby ORDERED that the Motion is DENIED and DISMISSED.

_____
**HERBERT J. HUTTON, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAUREN W., by and through her Parents, JAMES W. AND JEAN W., Plaintiffs, | : : : : : : : : : : | CIVIL ACTION<br><br>NO. 02-CV-4775<br><br>(Judge Hutton) |
| v. | | |
| RADNOR TOWNSHIP SCHOOL DISTRICT, Defendant. | | |

## CERTIFICATE OF SERVICE

I, Jason R. Wiley, Esquire, counsel for Defendant, Board of Education of the Radnor Township School District, hereby certify that a true and correct copy of the foregoing Entry of Appearance was forwarded to the following counsel at the following address, via facsimile and U.S. Mail on this date:

Catherine Merino Reisman, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109-1099

**SWEET, STEVENS, TUCKER & KATZ LLP**

Date: August 5, 2002      By:_____
**Jason R. Wiley, Esquire**
Atty. I.D. No.  79874
331 Butler Avenue, P.O. Box  5069
New Britain, Pennsylvania  18901
215-345-9111
Attorney for Defendant,
Radnor Township School District

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAUREN W., by and through her Parents, JAMES W. AND JEAN W., Plaintiffs, | : : : : CIVIL ACTION : : NO. 02-CV-4775 |
| v. | : : (Judge Hutton) |
| RADNOR TOWNSHIP SCHOOL DISTRICT, Defendant. | : : : : |

## VERIFICATION

I, Jason R. Wiley, Esquire, attorney for Defendant, Radnor Township School District, hereby verify that the facts set forth in the foregoing Answer to Plaintiff's Motion for Preliminary Injunction and Declaratory Relief are true and correct to the best of my knowledge, information and belief and understand that any false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

SWEET, SWEET, TUCKER & KATZ LLP

Date: August 5, 2002      By: _____
                              Jason R. Wiley, Esquire
                              Attorney I.D. #79874

                              Attorney for the
                              Radnor Township School District