**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LAUREN W., by and through her Parents, JAMES W. AND JEAN W., Plaintiffs, | : : : : | CIVIL ACTION |
| | : | NO. 02-CV-4775 |
| v. | : : | (Judge Hutton) |
| RADNOR TOWNSHIP SCHOOL DISTRICT, Defendant. | : : : : | |

**THE DEFENDANT, RADNOR TOWNSHIP SCHOOL DISTRICT'S
BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION AND DECLARATORY RELIEF**

The Defendant, Radnor Township School District (hereinafter referred to as the "District"), by and through its attorneys, Sweet, Stevens, Tucker & Katz LLP, present the following Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction and Declaratory Relief:

**I.    Factual and Procedural Background**

The Plaintiffs have filed a Complaint for Injunctive Relief and a Motion for Preliminary Injunction and Declaratory Relief. (See, Docket Entry Nos. 1 and 2). The Plaintiffs request "Preliminary and permanent injunctive relief requiring the Radnor Township School District to fund Lauren's placement at Hill Top Preparatory School until the appropriateness of the 2002-2003 IEP offered by the District is administratively and/or judicially adjudicated." (See, Complaint, p. 10).

The District has offered Plaintiff, Lauren W., a special education student, a program and placement in the District for the upcoming 2002-03 school year. For the past three (3) school years, Lauren has attended a private school called the Hill Top Preparatory School ("Hill Top"). The Plaintiffs have requested an administrative special education due process hearing concerning the proposed program and placement for the upcoming school year. (See, Exhibit "A", Due Process Hearing Request). The first two hearing sessions occurred on Monday, July 22, 2002 and Friday, August 2, 2002. Future sessions have been scheduled for September 4 and 5, 2002.

Because the start of the 2002-03 school year is approaching, the Hearing Officer has also been asked to determine Plaintiff's "pendent placement" wherein she will be educated during the ongoing administrative proceedings.[1] The Plaintiff has also filed the instant federal court action seeking a declaration that the "pendent placement" should be Hill Top and the District should pay for it during the ongoing administrative proceedings. Plaintiffs' request for this Court to determine the "pendent placement" is premised upon their supposition that the administrative process is unlikely to be complete prior to the start of the new school year.

The District responds that this Motion should be denied and dismissed because the injunction request concerns only monetary damages in the form of tuition for Hill Top, which can be awarded, if appropriate, in administrative due process proceedings. The case law in this area allows Plaintiff to continue at Hill Top for the upcoming school year and seek tuition reimbursement in the administrative forum.

Furthermore, the Plaintiff's Motion should be rejected because the District, despite its belief that Plaintiff has been offered an appropriate program and placement at the District for the 2002-03 school year, made a written Offer of Settlement to Plaintiff's counsel on June 25, 2002 wherein the District agreed to "fund the tuition costs of the student attending Hill Top for the

2

2002-2003 school year, including transportation." (See, Exhibit "B").[2] In the Complaint for Injunctive Relief, Plaintiff requests nothing more than what has already been offered by the District in the June 25, 2002 Offer, except counsel fees.

## II.    Argument

For an injunction to issue, the moving party has the burden of establishing the following: (1) that he or she is likely to suffer irreparable harm for which an adequate remedy at law is unavailable and (2) that he or she is likely to prevail on the merits of the case as a matter of law. See Caplan v. Fellheimer Eichen Braverman & Kaskey, 68 F.3d 828, 839 (3rd Cir. 1995); Bradley v. Pittsburgh Board of Education, 910 F.2d 1172, 1175 (3rd Cir. 1990). The Court should also consider (3) the countervailing harm to the party opposing the motion and (4) the probable effect of the injunction on the public interest. See Acierno v. New Castle County, 40 F.3d 645, 653 (3rd Cir. 1994); Lindsay v. City of Philadelphia, 833 F. Supp. 229, 233 (E.D. Pa. 1994).

In many special education cases, an "automatic preliminary injunction" found in 20 U.S.C. § 1415(j)[3], known as the "pendent placement" or "stay put" provision applies and precludes any argument concerning where the child will be educated during the pendency of administrative proceedings. Section 1415(j) provides, in pertinent part:

> During the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents or guardian otherwise agree, the child shall remain in the then-current educational placement of such child.

---

[1] The "Pendent Placement" is in dispute.

[2] Since Plaintiff has rejected this good faith offer and pursued this litigation, the District seeks to recover its fees and costs incurred subsequent to the offer of June 25, 2002, in accordance with 20 U.S.C. § 1415(i)(3)(D)(i).

[3] 20 U.S.C. § 1415(j), prior to the revisions to the IDEA in 1997, was found at 20 U.S.C. § 1415(e)(3). While the location of the section has moved, the substance has not changed. Cases prior to 1997, refer to Section 1415(e)(3).

20 U.S.C. § 1415(j).  In the instant case, however, the "pendent placement" itself is in dispute and will be determined by the Hearing Officer.

    **A.**    **Irreparable Harm**

        **1.**    **The Law Permits Plaintiffs to Selectively Continue Lauren W.'s Placement at Hill Top and Seek Tuition Reimbursement From the District in the Administrative Forum.**

The Plaintiff, Lauren W., has attended Hill Top for the last three school years.  The District has offered a placement at the District for the upcoming school year which Lauren's parents contend is not an appropriate placement.  Since the parents believe the District has not offered an appropriate placement, the law provides them with the option of continuing Lauren's placement at Hill Top and seeking tuition reimbursement from the District in the administrative forum.  See Florence County School District Four v. Carter, 510 U.S. 7, ----, 114 S.Ct. 361, 366, 126 L.Ed.2d 284 (1993); School Committee of Burlington v. Department of Education, 471 U.S. 359, 370-71, 105 S.Ct. 1996, 2003, 85 L.Ed.2d 385 (1985); Christen G. by Louise G. v. Lower Merion School Dist., 919 F.Supp. 793, 798-799 (E.D. Pa. 1996).

Since the Plaintiffs, by law, are permitted to continue at Hill Top and seek tuition form the District, the Plaintiffs cannot establish an emergency which entitles them to the relief request in their Motion for Injunctive Relief.

        **2.**    **Plaintiff's Purported Harm Can Be Fully Compensated With Money Damages.**

To prove irreparable harm, plaintiff must show that the harm threatened by the defendant's conduct cannot be compensated by money damages.  If the threatened harm is compensable with monetary damages, the plaintiff has not demonstrated irreparable harm and is not entitled to a preliminary injunction.  Frank's GMC Truck Center, Inc. v. General Motors Corporation, 847 F.2d 100, 102-03 (3d Cir.1988); International Union, United Auto., Aerospace

4

and Agricultural Implement Workers of America, UAW v. Textron Lycoming Reciprocating Engine Div., Avco Corp., 919 F.Supp. 783, 789 (M.D. Pa. 1996).

Plaintiffs seek an injunction "requiring the Radnor Township School District to fund Lauren's placement at Hill Top Preparatory School until the appropriateness of the 2002-2003 IEP offered by the District is administratively and/or judicially adjudicated." (See, Docket Entry No. 1, p. 10). The Plaintiffs are requesting an affirmative injunction to force the District to pay Lauren W.'s tuition for the upcoming school year. Since the injunction itself requests monetary relief only, the Plaintiffs cannot demonstrate irreparable harm.

**B.	Bond**

If an injunction is issued in favor of the Plaintiffs, the District respectfully requests that the Plaintiffs be required to post a bond equal to one year of tuition to the Hill Top School pursuant to Rule 65(c) of the Federal Rules of Civil Procedure. Rule 65(c) mandates that a court when issuing an injunction must require the successful applicant to post adequate security. Absent circumstances where there is no risk of monetary loss to the defendant, the failure of a district court to require a successful applicant to post a bond constitutes reversible error. System Operations, Inc. v. Scientific Games Dev. Corp., 555 F.2d 1131, 1145-46 (3d Cir.1977); Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 103 (3d Cir. 1988).

Here, it is clear that the District will incur substantial costs in complying with the terms of the injunction, if granted. If the District is successful in the pending administrative proceedings, then it will not be responsible for the Hill Top tuition. If Plaintiff's Motion is granted, the District respectfully requests that Plaintiff be required to post a bond equivalent to one year of tuition at Hill Top.

**WHEREFORE**, the Defendant, Radnor Township School District, respectfully requests that Plaintiffs' Motion for Injunctive Relief be denied and dismissed.

Respectfully submitted:

**SWEET, STEVENS, TUCKER & KATZ** LLP

Date: August 5, 2002          By: _____
**Ellis H. Katz,** Attorney I.D. No. 34835
**Jason R. Wiley,** Attorney I.D. No. 79874
**331 Butler Avenue, P.O. Box 5069**
New Britain, Pennsylvania 18901
215-345-9111
Attorneys for Defendant,
Radnor Township School District