IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAUREN W., by and through her parents, JAMES W. and JEAN W.,<br>Plaintiffs<br><br>v.<br><br>RADNOR TOWNSHIP SCHOOL DISTRICT,<br>Defendant | Civil Action<br><br>No 02-cv-4755 |

## ORDER

AND NOW, this          day of August, 2002, IT IS ORDERED that a hearing on the Motion for Preliminary Injunction filed on July 18, 2002 will be held in courtroom          , at        , .M., on August          , 2002.

_____
McLaughlin, J.

826793v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAUREN W., by and through her parents, JAMES W. and JEAN W., <br>                                         Plaintiffs <br> v. <br> RADNOR TOWNSHIP SCHOOL DISTRICT, <br>                                         Defendant | Civil Action <br><br> No 02-cv-4755 |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' EMERGENCY MOTION FOR IMMEDIATE HEARING
## ON REQUEST FOR PRELIMINARY INJUNCTION

In support of their Emergency Motion for Immediate Hearing on Request for Preliminary Injunction, plaintiffs rely upon the Memorandum of Law in Support of Preliminary Injunction filed on July 18, 2002 (incorporated fully herein by reference).

Respectfully submitted,

Dated: August 8, 2002

*Catherine Merino Reisman*
Catherine Merino Reisman (I.D. No. 57473)
Stephen G. Rhoads (I.D. No. 47458)
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-7296
(215) 731-3624 [fax]
creisman@mmwr.com
Attorney for Plaintiffs

Of Counsel:
Penelope A. Boyd (I.D. No. 30189)
Headley Law Offices LLC
225 South Church Street
West Chester, PA 19380
(610) 692-6933
(610) 692-6754 [fax]
penelope.boyd@att.net

826793v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAUREN W., by and through her parents, JAMES W. and JEAN W., <br>　　　　　　　　　　　　Plaintiffs <br><br>　　　　　v. <br><br>RADNOR TOWNSHIP SCHOOL DISTRICT, <br>　　　　　　　　　　　　Defendant | Civil Action <br><br> No 02-cv-4755 |

## PLAINTIFFS' EMERGENCY MOTION FOR IMMEDIATE HEARING ON REQUEST FOR PRELIMINARY INJUNCTION

Plaintiffs James W. and Jean W., on behalf of Lauren W., respectfully request that this Court schedule a hearing as soon as possible on the Motion for Preliminary Injunction filed by Plaintiffs on July 18, 2002. In support of this Motion, plaintiffs incorporate the Verified Complaint and Memorandum of Law in Support of Request for Preliminary Injunction ("July 18 Memorandum") filed on July 18, 2002 by reference and further aver as follows:

1.　　Lauren W. ("Lauren") is a student eligible for special education services pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq* ("IDEA"). As described more fully in the Verified Complaint and the July 18 Memorandum, this dispute involves Lauren's pendency or "stay put" rights – the right to remain in her current educational placement while the parties adjudicate the appropriateness of a change in placement. *See* 20 U.S.C. § 1415(j). This is perhaps the strongest and most important procedural right for a student protected by IDEA.

2.　　Lauren has attended Hill Top Preparatory School ("Hill Top"), an accredited private school in Pennsylvania, since the fall of 1999. Pursuant to a

826793v1

Settlement Agreement, the District funded the Hill Top placement for the 1999 – 2000 school year.

3. The District did not offer Lauren an Individual Educational Plan ("IEP") for either the 2000 – 2001 or 2001 – 2002 school years. Thus, at the time this dispute arose, in May 2002, there was no IEP in effect for Lauren. Under these circumstances, the "current educational placement" is the operative placement under which the child was receiving instruction in May 2002. See *K.T. v. West Orange Bd. of Educ.*, 2001 U.S. Dist. LEXIS 22265, at *12 (D.N.J. Oct. 23, 2001).

4. In November 2000, the District Board of Education ("Board") approved funding of Lauren's placement at Hill Top, without receiving a waiver of her pendency rights. Pursuant to IDEA, at that point, the Board and Lauren's parents reached an agreement that her placement should be Hill Top, thus triggering Lauren's pendency rights under 20 U.S.C. § 1415(j). See *Matthew K. v. Parkland Sch. Dist.*, 1998 U.S. Dist. LEXIS 2024, at * 18 (E.D. Pa. Feb. 24, 1998).

5. The District has not yet finalized the IEP it will offer for the 2002 – 2003 school year and, due to its own delays, will not be able to do so prior to September 1, 2002.[1] Thus, the District has not conclusively offered Lauren any program for the upcoming school year, because the IEP in question is still a draft document.

6. The Hill Top School requires payment of tuition on or before September 1, 2002 to secure Lauren's continued attendance

---

[1] In May 2002, Lauren was attending Hill Top and there was no IEP in place. At that time, the District offered her a program within Radnor Township School District for the upcoming school year. The parents rejected that offer and requested an administrative hearing to determine its appropriateness. The parties proceeded to hearing, but at the same time engaged in settlement discussions and attempted to revise the IEP to meet the parents' objections.

2

826793v1

7. The parents requested an expedited due process hearing in June, 2002. Nonetheless, the hearing was not expedited, and, through no fault of the parents, the administrative process will not be able to determine Lauren's pendent placement prior to the date on which tuition is due.

8. Despite the strict pendency provisions in 20 U.S.C. § 1415(j), the District has refused to fund Lauren's placement unless the parents execute a comprehensive waiver of Lauren's civil rights.

9. As a matter of law, for reasons discussed more fully in the Memorandum of Law in support of the Motion for Preliminary Injunction (incorporated fully herein by reference), Lauren's pendent placement at this time is Hill Top. The District's refusal to fund that placement during the pendency of administrative proceedings absent a waiver of other civil rights violates 20 U.S.C. § 1415(j).

10. Because 20 U.S.C. § 1415(j) operates as an automatic preliminary injunction, Lauren and her parents need not meet traditional standards for such equitable relief. *See Matthew K.*, 1998 U.S. Dist. LEXIS 2024, at *10 ("the dispositive inquiry under section 1415(j) is the identification of the child's 'current educational placement'").

11. The relief requested in the Motion is narrow, *i.e.* a judicial determination that Hill Top is Lauren's current pendent placement and injunctive relief requiring the District to fund that placement during the pendency of the underlying due process. This judicial determination is necessary because pursuit of this claim through the administrative process will be futile. Additionally, this action presents a purely legal question, as the underlying facts are undisputed.

826793v1

WHEREFORE, plaintiffs respectfully move this Court for an emergency hearing on the preliminary injunction requested on July 18, 2002, scheduled so that the Court can render a decision prior to September 1, 2002.

Respectfully submitted,

Dated: August 8, 2002

*Catherine Merino Reisman*
Catherine Merino Reisman (I.D. No. 57473)
Stephen G. Rhoads (I.D. No. 47458)
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-7296
(215) 731-3624 [fax]
creisman@mmwr.com
Attorney for Plaintiffs

Of Counsel:
Penelope A. Boyd (I.D. No. 30189)
Headley Law Offices LLC
225 South Church Street
West Chester, PA 19380
(610) 692-6933
(610) 692-6754 [fax]
penelope.boyd@att.net

4

826793v1

## CERTIFICATE OF SERVICE

I, Catherine Merino Reisman, counsel for Plaintiffs hereby certify that a true and correct copy of the foregoing Emergency Motion for Immediate Hearing on Request for Preliminary Injunction was service by facsimile and United States first-class mail on this date upon:

>Jason R. Wiley, Esquire
>Sweet, Stevens, Tucker & Katz, LLP
>331 Butler Avenue, P.O. Box 5069
>New Britain, PA  18901

_____
Catherine Merino Reisman

Dated:  August 8, 2002