IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAUREN W. | : | |
|     Plaintiff | : | |
| | : | CIVIL ACTION NO. 02-CV-4775 |
| v. | : | |
| | : | |
| | : | |
| RADNOR TOWNSHIP SCHOOL DISTRICT | : | (Judge Hutton) |
| | : | |
|     Defendant | : | |

### DEFENDANT, RADNOR TOWNSHIP SCHOOL DISTRICT'S ANSWER TO PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF WITH AFFIRMATIVE DEFENSES

The Defendant, Radnor Township School District (hereinafter referred to as the "District"), by and through its attorneys, Sweet, Stevens, Tucker & Katz LLP, present the following Answer to Plaintiffs' Complaint for Injunctive Relief with Affirmative Defenses:

1. Admitted in part, denied in part. It is admitted that Plaintiffs seek declaratory and injunctive relief. It is admitted that Plaintiff, Lauren W., is eligible for special education under the IDEA. It is admitted that Plaintiff, Lauren W.'s, claims are brought through her parents James W. and Jean W. All remaining allegations contained in Paragraph 1 of the Plaintiffs' Complaint for Injunctive Relief are denied.

2. Admitted.

3. Denied.

4. Admitted.

5. Admitted.

6. Admitted in part, denied in part. It is admitted that the District is a political subdivision of the Commonwealth of Pennsylvania charged with educating school age children residing within its geographic boundaries. It is admitted that the District is operated by a publicly elected Board of School Directors. The remaining allegations contained in Paragraph 6 are denied.

7. Admitted.

8. Admitted in part, denied in part. It is admitted that the District provides a free appropriate public education to eligible special education students in the least restrictive environment. The remaining allegations contained in Paragraph 8 are denied.

9. Admitted in part, denied in part. It is admitted that the District provides its eligible special education students attending District programs with Individual Education Plans. It is admitted that certain procedural safeguards for special education students are contained in the IDEA and its implementing regulations. The remaining allegations contained in Paragraph 9 are denied.

10. Admitted in part, denied in part. It is admitted that some information pertaining to IEPs is contained in Subpart "E" of the federal regulations.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted in part, denied in part. It is admitted that Plaintiffs, James W. and Jean W., initiated a due process hearing to challenge Plaintiff, Lauren W.'s proposed

IEP for the 1999-2000 school year. The remaining allegations contained in Paragraph 15 are denied.

16. Denied. After reasonable investigation, the District is without knowledge or information sufficient to admit or deny the truth of the allegations set forth in Paragraph 16 of Plaintiffs' Complaint for Injunctive Relief.

17. Admitted in part, denied in part. It is admitted that Hill Top is not a licensed special education facility. The remaining allegations contained in Paragraph 17 are denied.

18. Admitted.

19. Admitted in part, denied in part. It is admitted that the Plaintiffs and the District entered into a Settlement Agreement which resolved all claims between the parties relating to the 1999-2000 school year and previous school years, including, but not limited to, placement, compensatory education, and pendency. The remaining allegations contained in Paragraph 19 are denied.

20. Admitted in part, denied in part. It is admitted that there is currently an administrative due process proceeding pending, in which one of the issues proposed by Plaintiffs' counsel involves various challenges to the Settlement Agreement, including whether the Settlement Agreement constituted an effective waiver of rights, and whether the pendency waiver, if effective, applies to school years subsequent to the 1999-2000 school year. The remaining allegations contained in Paragraph 20 are denied.

21. Admitted.

22. Admitted in part, denied in part. It is admitted that the Plaintiffs and the District resolved disputes concerning the 2000-01 and 2001-02 school years by agreeing to continue Plaintiff, Lauren W.'s program and placement at Hill Top and this agreement and Lauren W.'s continued attendance at Hill Top for the 2000-01 and 2001-02 school years, thereby eliminating unnecessary IEP meetings. The remaining allegations contained in Paragraph 22 are denied.

23. Admitted in part, denied in part. It is admitted that the District, through its Board of School Directors, approved the administrations continued negotiations with the parents concerning the placement of Lauren W. at Hill Top for the 2000-01 school year. It is admitted that Lauren W. was making progress at Hill Top. The remaining allegations contained in Paragraph 23 are denied.

24. Admitted in part, denied in part. It is admitted that in November of 2000 when the Board authorized the administration to negotiate an agreement with Plaintiffs concerning Lauren W.'s continued placement at Hill Top for the 2000-01 school year, there was no formal signed agreement and therefore, no waiver of pendency under 20 U.S.C. § 1415(j). The remaining allegations contained in Paragraph 24 are denied.

25. Admitted in part, denied in part. It is admitted that the District sought to secure signed settlement agreements with the Plaintiffs, which included a release and waiver of pendency provisions, for both the 2000-01 and 2001-02 school years, and the Plaintiffs did not sign the settlement agreements. The remaining allegations contained in Paragraph 25 are denied.

26. Admitted in part, denied in part. It is admitted that Plaintiffs paid Hill tuition for the 2000-01 and 2001-02 school years. The remaining allegations contained in Paragraph 26 are denied.

27. Admitted in part, denied in part. It is admitted that the District offered Plaintiff, Lauren W., an IEP in May 2002 which proposed a placement within the Radnor Township School District. It is further admitted that Plaintiff, Lauren W., attended Hill Top in May 2002. The remaining allegations contained in Paragraph 27 are denied.

28. Admitted in part, denied in part. It is admitted that the District disputes whether Hill Top is Plaintiff, Lauren W.'s pendent placement. It is further admitted, however, that the District has offered to fund the Hill Top placement in spite of this dispute. The remaining allegations contained in Paragraph 28 are denied.

29. Admitted.

30. Admitted.

31. Admitted in part, denied in part. It is admitted that the pending administrative due process proceedings appear unlikely to conclude prior to the start of the 2002-03 school year. It is admitted that the Plaintiffs requested an expedited hearing, however the regulations to not require an expedited hearing in these circumstances. It is admitted that the first hearing date was July 22, 2002. It is admitted that the Appeals Panel has jurisdiction over any appeal from the due process hearing officer's decision. The remaining allegations contained in Paragraph 31 are denied.

32. Admitted.

33. Admitted. It is admitted that it is unlikely that a determination of pendent placement will occur prior to the start of the 2002-03 school year.

34. Denied.

35. Denied.

36. The District incorporates its responses to Paragraphs 1 through 35.

37. Admitted.

38. Admitted.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

**WHEREFORE**, the Defendant, Radnor Township School District, respectfully requests that Plaintiffs' Complaint for Injunctive Relief be denied and dismissed.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over Plaintiffs' claims.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to assert any claims upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to post a bond in accordance with Rule 65(c) of the Federal Rules of Civil Procedure.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that the Defendant is protected by governmental immunity established by Federal and State law, the Complaint against the Defendant should be dismissed with prejudice.

**FIFTH AFFIRMATIVE DEFENSE**

There is no policy, practice, or custom sufficient to establish liability pursuant to 42 U.S.C. § 1983, and Plaintiffs' Complaint should be dismissed.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to exhaust administrative remedies.

**RESERVATION OF DEFENSES**

The Defendant shall rely upon such further affirmative defenses that may become apparent during the course of discovery and therefore specifically reserves the right to amend this Answer with Affirmative Defenses to assert the same.

**WHEREFORE**, the Defendant, Radnor Township School District, respectfully requests that Plaintiffs' Complaint for Injunctive Relief be denied and dismissed.

Respectfully submitted:

**SWEET, STEVENS, TUCKER & KATZ LLP**

Date: August 8, 2002    By:_____
**Ellis H. Katz,** Attorney I.D. No. 34835
**Jason R. Wiley,** Attorney I.D. No. 79874
331 Butler Avenue, P.O. Box 5069
New Britain, Pennsylvania 18901
215-345-9111
Attorneys for Defendant,
Radnor Township School District