**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LAUREN W., by and through her parents, JAMES W. and JEAN W.,<br>　　　　　　　　　　　Plaintiffs<br><br>　　　　v.<br><br>BOARD OF EDUCATION OF THE RADNOR TOWNSHIP SCHOOL DISTRICT,<br>　　　　　　　　　　　Defendant | Civil Action<br><br>No 02 – cv – 4775 |

**STIPULATION OF UNDISPUTED FACTS**

Lauren W. ("Lauren") and James W. and Jean W. ("Parents") and the Board of School Directors of the Radnor Township School District (hereinafter referred to as the "District"), by and through their attorneys, hereby stipulate to the following undisputed facts.[1]

1. Lauren is a student eligible for a free and appropriate public education ("FAPE") consisting of special education in the form of an Individual Education Program ("IEP") developed in accordance with the procedural and substantive requirements of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA") and analogous state law.

2. Lauren resides within Radnor Township School District and, consequently, the District is the local education agency ("LEA") responsible for the provision of FAPE in accordance with federal and state law to Lauren.

---

[1] To the extent to which the parties have been unable to reach agreement on particular facts, those disputed facts are noted in footnotes herein.

829778v7

3. In the 1998-1999 school year, Lauren attended 7th Grade at Radnor Middle School with an IEP providing for learning support within the regular education environment.

4. Prior to her 8th Grade year, the 1999-2000 school year, the District proposed an IEP ("1999 IEP") recommending placement in the Learning Support program in Radnor Middle School for the 1999–2000 school year.

5. On or about August 24, 1999, Lauren's counsel, Philip Stinson, Esquire, informed the District's attorney that Lauren's parents disagreed with the program and placement in the 1999 IEP. *See* Exhibit "A", Correspondence from Philip Stinson, Esquire to Rosemary E. Mullaly, Esquire, dated August 24, 1999.

6. Because they disagreed with the 1999 IEP,[2] the Parents unilaterally placed Lauren at the Hill Top Preparatory School ("Hill Top"), a private school located in Rosemont, Pennsylvania.

7. On or about August 24, 1999 the Parents requested a special education administrative due process hearing challenging the 1999 IEP, and seeking tuition reimbursement for Hill Top.  At the November, 1999 hearing the Parents amended their request to include compensatory education for Lauren.

8. Counsel for the Parents and the District negotiated a settlement of their dispute, and on December 20, 1999 counsel for the District informed the Due Process Hearing Officer that the dispute had been settled.  Counsel for the District

---

[2]    The Parents assert that there were other reasons in addition to dissatisfaction with the IEP, including Lauren's educational history within the District, that occasioned the Hill Top placement.

2

829778v7

requested a continuance of the Due Process Hearing pending final execution of a settlement agreement.[3]

9. On May 12, 2000, the Parents executed the final Settlement Agreement and Release attached hereto as Exhibit "C". In or around November 2000, the Settlement Agreement was returned, approved and executed by the District,

10. The Agreement called for the District to reimburse the Parents for the cost of tuition for Lauren's attendance at the Hill Top for the 1999-2000 school year in lieu of the District's obligation to provide FAPE for that year. (Exhibit "C", ¶¶ 2, 4, 5, 10, 12).

11. The provision regarding pendency is at paragraph 6 of the Agreement. (Exhibit "C", ¶6).

12. The Parents agreed that the District's payment of tuition to Hill Top did not constitute an agreement that Hill Top was an appropriate placement. (Exhibit "C", ¶ 4).

13. The District agreed to conduct an evaluation of Lauren prior to the end of the 1999-2000 school year.

14. The District conducted an evaluation of Lauren in July 2000. The Comprehensive Evaluation Report ("CER") is attached hereto as Exhibit "D".

15. At the start of the 2000-2001 school year, the District scheduled an IEP meeting for September 8, 2000 to address Lauren's program and placement for that year. The meeting on September 7, 2000 was cancelled to pursue settlement discussions.

---

[3]    The Parents assert that they did not know the terms of the Settlement Agreement until May, 2000.

829778v7

16. The District did not offer an IEP to Lauren for either the 2000 – 2001 school year.[4]

17. Lauren's Parents continued Lauren's enrollment at Hill Top for the 2000-2001 school year.

18. Counsel for the District prepared a Settlement Agreement for the 2000 – 2001 school year and forwarded it to Attorney Stinson in December, 2000. The parties never executed that Agreement.

19. On October 10, 2000, the parents' counsel, Philip Stinson, Esquire, forwarded invoices from Hill Top for the 1999 – 2000 and 2000-2001 school year along with a copy of the 1999-2000 Settlement Agreement executed by the Parents. See Exhibit "C" at C-1.

20. On November 14, 2000, the District Board of School Directors approved payment of the tuition costs for Lauren's placement at Hill Top for the 2000–2001 school year. *See* Exhibit "E" (Board minutes).

21. After November 14, 2000, as evidenced by the correspondence attached hereto as Exhibit "F", the District repeatedly sought execution of the Settlement Agreement for the 2000-2001 school year. Despite the repeated requests, the District received no response from Attorney Stinson.

22. In April, 2001, the District learned that Attorney Stinson no longer represented the Parents. *See* Exhibit "G" (Correspondence from the Parents to P. Stinson, copied to Radnor School District). The District corresponded directly with the

---

[4] The District asserts that it did not offer an IEP for this year because the District was under the impression that the Parents had agreed to enter into another settlement agreement for the 2000 – 2001 school year in September, 2000. The Parents assert that they were unaware of any such agreement.

829778v7

    Parents regarding execution of the 2000-2001 Settlement Agreement on four occasions between April 9, 2001 and January 16, 2002. See Exhibit "H".

23. On August 17, 2001, the District offered to enter into another settlement agreement support Lauren's continuation at Hill Top for the 2001-2002 school year. The District did not offer an IEP to Lauren for the 2001 – 2002 school year. The Parents continued Lauren's placement at Hill Top for the 2001-2002 school year.

24. In February 2002, the Parents responded to the District's requests for an executed Settlement Agreement for the 2000-2001 school year by providing a revised Agreement and Release attached hereto as Exhibit "I". This Agreement was unacceptable to the District because it differed from the Agreement previously transmitted to Mr. Stinson. *See* Exhibit "J".

25. On March 19, 2002, the District offered settlement agreements for both the 2000-2001 and 2001-2002 school years, similar to the 1999-2000 Settlement Agreement, through the Parents' new counsel, Penelope Boyd, Esquire. Ms. Boyd responded in writing on May 23, 2002. *See* Exhibit "K". The pendency provision in these proposed agreements provides:

> The parties agree that in the event that pendency is invoked for any reason, the agreed upon pendent placement will be homebound instruction pending an evaluation to determine an appropriate program and placement, unless the parties agree otherwise.

26. By letter dated April 3, 2002 the District contacted the Parents to begin planning Lauren's educational program for the 2002 – 2003 school year.

5

27. On May 28, 2002 the District, offered a program and placement for the 2002 – 2003 school year ("2002 IEP"). The placement offered is an emotional support class in the Radnor High School.

28. The Parents objected to the placement and sought an expedited due process hearing. Exhibit "L" [S-22].

29. The Due Process Hearing commenced on July 22, 2002. A second session was held on August 2, 2002.

30. The Parents attempted to exhaust administrative remedies on the issue of pendency by requesting an expedited administrative hearing on their request for an adjudication of Lauren's pendent placement. However, the state will not finish adjudication of the matter prior to the date on which tuition is due at Hill Top, September 1, 2002. Therefore, the Parents sought a statutory injunction in this Court.

31. The Parents received an extension of the tuition payment date at Hill Top to September 1, 2002. Classes at Hill Top begin on September 3, 2002.

32. The administrative process will not result in an adjudication of the pendency issue prior to September 1, 2002.

829778v7

IT IS SO STIPULATED.

Dated: August 20, 2002

    Catherine Merino Reisman (I.D. No. 57473)
    Stephen G. Rhoads (I.D. No. 47458)
    Danielle M. White (I.D. No. 87772)
    Montgomery, McCracken, Walker & Rhoads, LLP
    123 South Broad Street
    Philadelphia, PA  19109
    (215) 772-7296
    (215) 731-3624 [fax]
    creisman@mmwr.com

    Of Counsel:
    Penelope A. Boyd (I.D. No. 30189)
    Headley Law Offices LLC
    225 South Church Street
    West Chester, PA  19380
    (610) 692-6933
    (610) 692-6754 [fax]
    penelope.boyd@att.net

    Attorneys for Plaintiffs

Dated: August 20, 2002

    Ellis H. Katz (I.D. No. 34835)
    Jason R. Wiley (I.D. No. 79874)
    Sweet, Stevens, Tucker & Katz LLP
    331 Butler Avenue, PO Box 5069
    New Britain, PA  18901
    (215) 345-9111

    Attorneys for Defendants

    APPROVED BY THE COURT:

    Davis, J.

829778v7

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Stipulation and accompanying Exhibits were filed electronically on August 20, 2002 and served by first class mail upon the following:

Jason R. Wiley, Esquire
Sweet, Stevens, Tucker & Katz LLP
331 Butler Avenue, PO Box 5069
New Britain PA  18901

_____
Catherine Merino Reisman

829778v7