IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAUREN W., by and through her Parents, JAMES W. AND JEAN W., Plaintiffs, | : : : : | CIVIL ACTION |
| | : | NO. 02-CV-4775 |
| v. | : : | (Judge Davis) |
| RADNOR TOWNSHIP SCHOOL DISTRICT, Defendant. | : : : | |

**THE DEFENDANT, RADNOR TOWNSHIP SCHOOL DISTRICT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Defendant, Radnor Township School District (hereinafter referred to as the "District"), by and through its attorneys, Sweet, Stevens, Tucker & Katz LLP, presents the following Proposed Findings of Fact and Conclusions of Law:

**I.   Proposed Findings of Fact**

1. Plaintiff, Lauren W., is a special education student residing with her parents, James W. and Jean W., within the geographic boundaries of the District. (See, Stipulation of Undisputed Facts, ¶¶ 1 and 2).

2. In 7th Grade, Lauren attended the Radnor Middle School with an Individual Education Program ("IEP") providing her with Learning Support within the regular education environment. (Stipulation of Undisputed Facts, ¶ 3).

3. For 8th, 9th and 10th Grades, the 1999-2000, 2000-2001 and 2001-2002, school years, Lauren attended the Hill Top Preparatory School ("Hill Top"), a private school in Rosemont, Pennsylvania. (Stipulation of Undisputed Facts, ¶¶ 6, 17, and 23).

4. Per a Settlement Agreement and Release, the District paid tuition for Lauren's attendance at Hill Top for 8th Grade, the 1999-2000 school year. (Stipulation of Undisputed Facts, ¶ 10 and Exhibit "C", attached thereto).

5. The Settlement Agreement and Release signed by the parties contains a provision regarding pendency which provides, "The Parents Agree that no pendency attaches to the Hill Top School." (Stipulation of Undisputed Facts, ¶ 11 and Exhibit "C", ¶ 6, attached thereto).

6. Lauren continued to attend Hill Top for the 2000-2001 school year.

7. On November 14, 2000, the District's Board of School Directors, approved Lauren's continued attendance at Hill Top for the 2000-2001 school year and payment of tuition costs associated therewith in the amount of $21,975.00. (Stipulation of Undisputed Facts, ¶ 20 and Exhibit "E", attached thereto).

8. Thereafter, District counsel and counsel for the Plaintiffs exchanged a Settlement Agreement for the 2000-2001 school year, which was never executed. (Stipulation of Undisputed Facts, ¶¶ 18, 21, and 22).

9. Lauren's parents continued her placement at Hill Top for the 2001-2002 school year. (Stipulation of Undisputed Facts, ¶ 23).

10. The District offered to enter into a Settlement Agreement for the 2001-2002 school year, and proposed drafts of a Settlement Agreement were exchanged, but again, never executed. (Stipulation of Undisputed Facts, ¶¶ 23 and 24).

11. On May 28, 2002, the District offered an IEP for Lauren for the 2002-2003 school year calling for Lauren to be placed in an Emotion Support class in the Radnor High School. (Stipulation of Undisputed Facts, ¶¶ 26 and 27).

12. The Parents disagreed with the IEP and requested a Special Education Administrative Due Process Hearing. (Stipulation of Undisputed Facts, ¶ 28 and Exhibit "L", attached thereto).

13. Two sessions of the Due Process Hearing have taken place on July 22 and August 2, 2002. (Stipulation of Undisputed Facts, ¶ 29).

14. Lauren's Parents have requested that the Due Process Hearing Officer rule on the following issues: (1) is the 2002-2003 IEP appropriate; (2) what is Lauren's pendent placement; (3) is Lauren entitled to compensatory education; and, (4) are Lauren's Parents entitled to tuition reimbursement? (See, Exhibit "L", attached to the Stipulation of Undisputed Facts, ¶¶ 1 and 2).

15. In addition to the pending administrative Due Process Hearing, the Plaintiffs initiated this federal court action by filing a Complaint for Injunctive Relief and a Motion for Preliminary Injunction and Declaratory Relief. (See, Docket Entry Nos. 1 and 2).

16. Plaintiffs request preliminary and permanent injunctive relief requiring the Radnor Township School District to fund Lauren's placement at Hill Top Preparatory School until the appropriateness of the 2002-2003 IEP offered by the District is administratively and/or judicially adjudicated." (See, Complaint, Docket Entry No. 1, p. 10).

17. The Plaintiffs have initiated this federal court action for relief because the tuition payment to Hill Top is due on September 1, 2002, and the Due Process Hearing will not conclude by that date. (Stipulation of Undisputed Facts, ¶ 30).

18. The injunction request concerns only monetary damages in the form of tuition for Lauren's attendance at Hill Top for the 2002-2003 school year. (Stipulation of Undisputed Facts, ¶¶ 30 and 31).

19. The Parents have already enrolled Lauren at Hill Top for the 2002-2003 school year. (Stipulation of Undisputed Facts, ¶ 31).

20. By correspondence dated June 25, 2002, the District made a written Offer of Settlement to fund Lauren's attendance at Hill Top for the 2002-2003 school year and transportation costs associated therewith. (See, Defendant's Brief in Opposition to Motion for Preliminary Injunction, p. 2 and Exhibit "B", attached thereto).

## II.   Proposed Conclusions of Law

### A.   Standard of Review

1. For an injunction to issue, the moving party has the burden of establishing the following: (1) that he or she is likely to suffer irreparable harm for which an adequate remedy at law is unavailable and (2) that he or she is likely to prevail on the merits of the case as a matter of law. See Caplan v. Fellheimer Eichen Braverman & Kaskey, 68 F.3d 828, 839 (3rd Cir. 1995); Bradley v. Pittsburgh Board of Education, 910 F.2d 1172, 1175 (3rd Cir. 1990). The Court should also consider (3) the countervailing harm to the party opposing the motion and (4) the probable effect of the injunction on the public interest. See Acierno v. New Castle County, 40 F.3d 645, 653 (3rd Cir. 1994); Lindsay v. City of Philadelphia, 833 F. Supp. 229, 233 (E.D. Pa. 1994).[1]

### B.   Irreparable Harm

2. The remedy Plaintiffs seek, tuition for Hill Top is available in the administrative due process proceedings in the form of tuition reimbursement. See Florence County School District Four

---

[1] Plaintiffs contend that pursuant to 20 U.S.C. § 1415(j), and case law interpreting that provision of the IDEA, the Court should only decide Lauren's "pendent placement" and dispose of the traditional standard of review for injunctions. (See, Plaintiffs' Findings of Fact and Conclusions of Law, p. 8). However, this injunction is not about Lauren's pendent placement, because she has already enrolled in, and will attend Hill Top for the upcoming school year. Plaintiffs effort

v. Carter, 510 U.S. 7, ----, 114 S.Ct. 361, 366, 126 L.Ed.2d 284 (1993); School Committee of Burlington v. Department of Education, 471 U.S. 359, 370-71, 105 S.Ct. 1996, 2003, 85 L.Ed.2d 385 (1985); Christen G. by Louise G. v. Lower Merion School Dist., 919 F.Supp. 793, 798-799 (E.D. Pa. 1996).

3. Since the parents believe the District has not offered an appropriate placement for the 2002-2003 school year, the law provides them with the option of unilaterally continuing Lauren's placement at Hill Top and seeking tuition reimbursement from the District in the administrative forum. See Id.

4. Since the Plaintiffs, by law, are permitted to continue at Hill Top and seek tuition form the District, the Plaintiffs cannot establish irreparable harm which entitles them to the relief request in their Motion for Injunctive Relief and they have an adequate remedy available.

5. To prove irreparable harm, plaintiff must show that the harm threatened by the defendant's conduct cannot be compensated by money damages. If the threatened harm is compensable with monetary damages, the plaintiff has not demonstrated irreparable harm and is not entitled to a preliminary injunction. Frank's GMC Truck Center, Inc. v. General Motors Corporation, 847 F.2d 100, 102-03 (3d Cir.1988); International Union, United Auto., Aerospace and Agricultural Implement Workers of America, UAW v. Textron Lycoming Reciprocating Engine Div., Avco Corp., 919 F.Supp. 783, 789 (M.D. Pa. 1996).

6. Since the Plaintiffs' injunction requests monetary relief in the form of tuition for Hill Top, and the Plaintiffs have a remedy available via a Special Education Administrative Due Process Hearing for tuition reimbursement, the Plaintiffs cannot demonstrate irreparable harm and their request for injunctive relief is denied.

---

to have this Court sanction their preordained decision to have Lauren attend Hill Top for the upcoming school year is solely an effort to have the District pay Hill Top's tuition.

**C.    Pendent Placement** [2]

7.  In their underlying Complaint, Plaintiffs seek a declaratory judgment that Lauren's pendent placement is Hill Top.  (See, Complaint, Docket Entry No. 1, p. 10).

8.  20 U.S.C. § 1415(j)[3], known as the "pendent placement" or "stay put" provision, designates where a special education child will be educated during the pendency of administrative proceedings.

9.  Section 1415(j) provides, in pertinent part:

    During the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents or guardian otherwise agree, the child shall remain in the then-current educational placement of such child.

    20 U.S.C. § 1415(j).

10. The Parents and the District agreed by Settlement Agreement and Release dated May 12, 2000, that "no pendency attached to the Hill Top School."  (See, Exhibit "C", ¶ 6, attached to the Stipulation of Undisputed Facts).

11. The plain terms of the pendency clause of the Settlement Agreement and Release dated May 12, 2000, are unlimited and cannot be reasonably interpreted to apply to only the 1999-2000 school year.  (See, Exhibit "C", ¶ 6, attached to the Stipulation of Undisputed Facts).

12. Because the parties agreed that pendency does not attach to Hill Top, the last agreed upon program and placement is Learning Support within the regular education environment at the District.  (Stipulation of Undisputed Facts, ¶ 3).

---

[2] The District contends that under the traditional standard of review for preliminary injunctions, Plaintiffs are unlikely to prevail on their claim that Lauren's Pendent Placement is Hill Top.  The same analysis would apply if the Court concludes that it need only determine what Lauren's Pendent Placement is pursuant to 20 U.S.C. § 1415(j).

[3] 20 U.S.C. § 1415(j), prior to the revisions to the IDEA in 1997, was found at 20 U.S.C. § 1415(e)(3).  While the location of the section has moved, the substance has not changed.  Cases prior to 1997, refer to Section 1415(e)(3).

**D.     Pendent Placement Only Lasts Until the Conclusion of the Administrative Proceedings**

13. If this Court determines pendency, the placement, which the Court designates as the pendent placement, lasts only until the Appeals Panel issues its decision or the Hearing Officer's decision becomes final.  From the date of the Appeals Panel decision forward, that decision constitutes the pendent placement.  See, School Committee of the Town of Burlington v. Dep't of Educ., 471 U.S. 359, 372, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985); Matthew K. v. Parkland School Dist., No. CIV. A. 97-6636, 1998 WL 84009, *5 (E.D.Pa. Feb. 26, 1998).

**E.     Bond**

14. If an injunction is issued in favor of the Plaintiffs, the Plaintiffs are required to post a bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.

15. Rule 65(c) mandates that a court when issuing an injunction must require the successful applicant to post adequate security.  Absent circumstances where there is no risk of monetary loss to the defendant, the failure of a district court to require a successful applicant to post a bond constitutes reversible error.  System Operations, Inc. v. Scientific Games Dev. Corp., 555 F.2d 1131, 1145-46 (3d Cir.1977); Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 103 (3d Cir. 1988).

16. Here, it is clear that the District will incur substantial costs in complying with the terms of the injunction, if granted.  Specifically, the Plaintiffs request tuition for Hill Top in the approximate amount of $22,000.00.

17. If the District is successful in the pending administrative proceedings, and the hearing officer and/or appeals panel conclude that Hill Top is not Lauren W.'s pendent placement, then it will not be responsible for Hill Top tuition.

18. Plaintiff shall be required to post a bond equivalent to one year of tuition at Hill Top in the approximate amount of $22,000.

**F.      Prevailing Party Status**

19. A determination of pendent placement does not constitute a decision on the merits. See Bd. of Educ. of Oak Park v. Nathan R., 199 F.3d 377, 382 (7th Cir.2000); and see, J.C. v. Mendham Township Board of Education, 29 F.Supp.2d 214 (D.N.J.1998), citing, Board of Ed. v. Steven L., 89 F.3d 464, 469 (7th Cir.1996), cert. denied, 520 U.S. 1198, 117 S.Ct. 1556, 137 L.Ed.2d 704 (1997); Christopher P. v. Marcus, 915 F.2d 794 (2d Cir.1990); Scanlon v. San Francisco Unified Sch. Dist., 1995 WL 638275, Nos. 94-15822, 94-16792 (9th Cir. October 30, 1995).

20. Because the District has offered to fund Lauren's attendance at Hill Top for the 2002-2003 school year and transportation costs associated therewith, Plaintiffs are not entitled to prevailing party status. See, J.C. v. Mendham Township Board of Education, 29 F.Supp.2d 214 (D.N.J.1998).

**WHEREFORE**, the Defendant, Radnor Township School District, respectfully requests that Plaintiffs' Motion for Injunctive Relief be denied and dismissed.

Respectfully submitted:

**SWEET, STEVENS, TUCKER & KATZ LLP**

Date: August 26, 2002        By: _____
**Ellis H. Katz,** Attorney I.D. No.  34835
**Jason R. Wiley,** Attorney I.D. No.  79874
**331 Butler Avenue, P.O. Box  5069**
New Britain, Pennsylvania  18901
215-345-9111
Attorneys for Defendant,
Radnor Township School District

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAUREN W.,** by and through her Parents, **JAMES W. AND JEAN W.,** | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| | : | NO. 02-CV-4775 |
| v. | : | |
| | : | (Judge Hutton) |
| **RADNOR TOWNSHIP SCHOOL DISTRICT,** | : | |
| Defendant. | : | |

### CERTIFICATE OF SERVICE

I, Jason R. Wiley, Esquire, counsel for Defendant, Board of Education of the Radnor Township School District, hereby certify that a true and correct copy of the foregoing Proposed Findings of Fact and Conclusions of Law was forwarded to the following counsel at the following address, via Electronic Court filing on this date:

Catherine Merino Reisman, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109-1099

**SWEET, STEVENS, TUCKER & KATZ** LLP

Date: August 26, 2002        By:_____
**Jason R. Wiley, Esquire**
Atty. I.D. No. 79874
331 Butler Avenue, P.O. Box 5069
New Britain, Pennsylvania 18901
215-345-9111
Attorney for Defendant,
Radnor Township School District

9