IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAUREN W., by and through her parents, JAMES W. and JEAN W., <br>                                         Plaintiffs <br> v. <br> BOARD OF EDUCATION OF THE RADNOR TOWNSHIP SCHOOL DISTRICT, <br>                                         Defendant | Civil Action <br><br> No 02 – cv – 4775 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
PETITION FOR ATTORNEY'S FEES AND EXPENSES**

**I.    INTRODUCTION**

Plaintiffs James W. and Jean W. (the "Parents"), individually and on behalf of Lauren W., submit this Memorandum of Law in support of their Petition for Attorney's Fees and Expenses (the "Petition") pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 794a, and 20 U.S.C. § 1415.

**II.    STATEMENT OF FACTS**

In July, 2002 the Parents retained Montgomery, McCracken, Walker & Rhoads, LLP ("MMWR") to represent their daughter Lauren in a dispute related to Lauren's educational program in the Radnor Township School District ("District"). Exh. "A" to Petition, Declaration of Catherine Merino Reisman ("*Merino Reisman Decl.*"), at ¶9. The scope of representation included an administrative due process hearing (which is ongoing and for which the Parents are not seeking fees) as well as a dispute regarding

842418v1

Lauren's pendent placement for purposes of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA").

To resolve the pendent placement dispute, the Parents commenced this action. On September 12, 2002 this Court issued its Findings of Fact and Conclusions of Law as well as an Order granting the Parents' request for a preliminary injunction and declaratory relief. The Court held that Hill Top Preparatory School is Lauren's pendent (or "stay-put") placement for purposes of IDEA. In pursuing this litigation, the Parents incurred fees and expenses amounting to $26,744.01. *See* Petition, Ex. A at ¶16.

## III.  ARGUMENT

### A.  It is Appropriate to Adjudicate the Parents Fee Petition at this Time.

Federal Rule of Civil Procedure 54(d) provides that a Petition for Attorney's Fees and Costs may be filed within fourteen days of entry of judgment. For purposes of Rule 54, a "judgment" is "any order from which an appeal lies." Fed. R. Civ. P. 54(a).

In this case, on September 12, this Court entered a preliminary injunction and a declaratory judgment. The grant of the preliminary injunction is an appealable Order. *See* 28 U.S.C. § 1292(a)(1). In addition, the declaratory judgment entered on September 12 is subject to pendent appellate jurisdiction, because review of the declaratory judgment is necessary to ensure meaningful review of the appealable preliminary injunction Order. *See National Union Fire Ins. Co. v. City Savings, F.S.B.*, 28 F.3d 376, 382 (3d Cir. 1994) (court of appeals exercised pendent appellate jurisdiction over dismissal of affirmative defense because adjudication of that issue necessary to determine whether dismissal of declaratory judgment action was appropriate). Thus, insofar as the declaratory judgment entered on September 12 is an

appealable Order, it is a judgment subject to Rule 54 and requiring filing of the fee petition at this time.

### B. Lauren W. and Her Parents, as Prevailing Parties, Are Entitled to a Reasonable Attorney's Fee of $26,744.01.

A prevailing plaintiff in a civil rights action "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983), *quoted in Rapp v. Cameron*, 2002 U.S. Dist. LEXIS 2801 (E.D. Pa. Feb. 20, 2002). A plaintiff is a "prevailing party" if he or she succeeds on any significant issue in the litigation. *Rapp*, 2002 U.S. Dist. LEXIS 2801, at *3.

The lodestar – the number of hours reasonably incurred multiplied by a reasonable hourly rate – "is strongly presumed to yield a reasonable fee". *Rapp*, 2002 U.S. Dist. LEXIS 2801, at *5. The prevailing market rates in the relevant community determine the reasonable hourly rate. *Rapp*, 2002 U.S. Dist. LEXIS 2801, at *6. A fee applicant establishes the prevailing market rate through submission of sworn statements of attorneys from the community. *P.G. v. Brick Township Bd. of Educ.*, 124 F. Supp.2d 251, 261 (D.N.J. 2000). The burden then shifts to the opponent to contest the rate requested through submission of specific record evidence. *Id.*

In this case, plaintiffs have submitted a sworn Declaration from a Philadelphia law firm partner with extensive litigation experience, supporting the hourly rates requested in this litigation. *See* Exh. "G" to Petition, Declaration of Hannah Schwarzschild, at ¶3. Ms. Schwarzschild finds the rates charged by MMWR for this litigation to be reasonable.

842418v1

Further, the documentation provided supports the number of hours claimed in the Petition.  A fee petition must document the hours for which payment is sought by including information as to hours devoted to various general activities, *e.g.*, pre-trial discovery, settlement negotiations, and the hours spent by various classes of attorneys.  It is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted.  *Rapp*, 2002 U.S. Dist. LEXIS 2801, at *18.  In this case, the Petition includes detailed contemporaneous time records supporting the number of hours claimed.  *See Merino Reisman Decl.*, at ¶12.

Additionally, pursuant to 20 U.S.C. § 1415(i)(3)(G), the lodestar *may not* be reduced if the court finds that the State or local educational agency unreasonably protracted the final resolution of the action or proceeding or there was a violation of [20 U.S.C. § 1415]."  In this case, the District's refusal to comply with subsection (j) of 20 U.S.C.§ 1415 necessitated the filing of this litigation.  Under the circumstances, it cannot be disputed that the District "unreasonably protracted the final resolution" of this case.  Thus, pursuant to IDEA, the District is not, as a matter of law, entitled to a reduction of the lodestar.

Finally, *J.O. v. Orange Township Bd. of Educ.*, 287 F.3d 267 (3d Cir. 2002), is distinguishable from this case.  In *J.O.*, the court of appeals held that an Administrative Law Judge's grant of a stay-put injunction did not constitute merit-based relief sufficient for an award of attorney's fees.  287 F.3d at 272.  However, in *J.O.*, there was no factual dispute regarding which school constituted the student's stay-put placement.  In this case, there was a dispute about the actual identity of the pendent placement.  This Court's declaratory judgment that Hill Top Preparatory School is Lauren's stay-put

842418v1

placement is merit-based relief.  Accordingly, plaintiffs meet the standard for an award of attorney's fees.

## IV.  CONCLUSION

Based upon the foregoing, the Parents assert that they are entitled to an award of attorney's fees in the amount of $26,744.01.

                                                       Respectfully submitted,

DATED: September 26, 2002

                                        Catherine Merino Reisman (I.D. No. 57473)
                                        Stephen G. Rhoads (I.D. No. 47458)
                                        Danielle M. White (I.D. No. 87772)
                                        Montgomery, McCracken,
                                               Walker & Rhoads, LLP
                                        123 South Broad Street, 24th Floor
                                        Philadelphia, PA 19109
                                        (215) 772-7296
                                        (215) 731-3624 [direct fax]
                                        creisman@mmwr.com

                                        Of Counsel:
                                        Penelope A. Boyd
                                        Headley Law Offices LLC
                                        225 South Church Street
                                        West Chester, PA  19380
                                        (610) 692-6933
                                        (610) 692-6754 [fax]
                                        penelope.boyd@att.net

                                        Attorneys for Plaintiffs

842418v1

## CERTIFICATE OF SERVICE

I, Catherine Merino Reisman, hereby certify that a true and correct copy of the foregoing Memorandum of Law in Support of Petition for Attorney's Fees was served Electronic Case Filing on this date upon:

Jason R. Wiley, Esquire
Sweet, Stevens, Tucker & Katz, LLP
331 Butler Avenue, P.O. Box 5069
New Britain, PA  18901

_____
Catherine Merino Reisman

Dated:  September 26, 2002