IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAUREN W., by and through her parents, JAMES W. and JEAN W., <br>                                     Plaintiffs <br> v. <br> BOARD OF EDUCATION OF THE RADNOR TOWNSHIP SCHOOL DISTRICT, <br>                                     Defendant | Civil Action <br><br> No 02 – cv – 4775 |

### DECLARATION OF CATHERINE MERINO REISMAN

Catherine Merino Reisman, Esquire hereby declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, as follows:

1.    I am an attorney licensed in the Commonwealth of Pennsylvania and State of New Jersey, and admitted to practice before the United States District Courts for the Eastern and Middle Districts of Pennsylvania, and the United States Court of Appeals for the Third Circuit.

2.    In 1989 I graduated from Yale Law School, where I was a Notes Editor of the Yale Law Journal. I began practicing the same year at Rogovin, Huge & Schiller in Washington, D.C. and then at Montgomery, McCracken, Walker & Rhoads in Philadelphia, Pennsylvania.

3.	From September, 1990 until September, 1991, I clerked for the Honorable Edward N. Cahn of the United States District Court for the Eastern District of Pennsylvania.

4.	From October, 1991 until June, 1999, I worked at Willig, Williams & Davidson ("WWD").  As an Associate, and then a Senior Associate, I concentrated in civil rights, disability rights and employment discrimination litigation, predominantly in federal court.  However, I also had extensive experience in state court and before federal and state administrative tribunals.  While at WWD, I handled pre-trial and trial proceedings, as well as appeals, in approximately forty civil rights matters.

5.	In 1999 I co-founded a non-profit corporation that provides support services for children with special needs and their families.  I served as the Legal Research Director of that corporation from June, 1999 until November, 2000.

6.	In May, 2001 I re-joined Montgomery, McCracken, Walker & Rhoads, LLP as a Senior Associate.  My practice is concentrated on federal court and complex litigation matters.  My hourly rate is $255 per hour.  This is well within the range of reasonableness for attorneys practicing within the Eastern District of Pennsylvania.  See Ex. B to Petition, Schwarzschild Decl.

842516v1

7.  Two other MMWR attorneys have billed time to this matter. Stephen G. Rhoads received his M.Ed. from St. Lawrence University in 1982 and his J.D. from New England School of Law in 1986. He is a Partner in the Litigation Department. One of his practice emphases is education law. His hourly rate is $300 per hour. Danielle M. White is an Associate in the Litigation Department. received her J.D. from Villanova University School of Law, *cum laude,* in 2001 and has been engaged in litigation practice since graduating. Her hourly rate is $150 per hour. These rates are well within the range of reasonable rates for attorneys within the Eastern District of Pennsylvania.

8.  Penelope A. Boyd, Esquire is co-counsel in this litigation. She graduated from Villanova University School of Law in 1979. Since that time, she has litigated civil rights, special education, and disability rights claims in state and federal courts, including the United States Supreme Court. Her experience includes litigation of the *Pennhurst* and *Oberti* cases. Her resume is attached to the Fee Petition as Ex. C. Her hourly rate is $225 per hour, which is well within the range of reasonable rates within the Eastern District of Pennsylvania.

9. In July, 2002, Jean and James W. retained MMWR to represent them, in conjunction with Penelope A. Boyd, in connection with a dispute related to the educational program for their daughter Lauren in the Radnor Township School District.

10. Exhibits D, E, F and G to the Fee Petition are computer-generated charts detailing the time recorded by MMWR attorneys and Penelope A. Boyd in this litigation. Ex. D is the Invoice dated August 20, 2002, and details the time records, disbursements and fees incurred for services by MMWR for the month of July, 2002. The total MMWR bill for the month of July, 2002 was $5675.24. Ex. E is the Invoice dated September 11, 2002 and details the time records, disbursements and fees incurred for services by MMWR for the month of August, 2002. The total MMWR bill for the month of July, 2002 was $14592.65. Ex. F details the time records, disbursements and fees incurred, totaling 1653.4, for work performed by MMWR through September 23, 2002. Ex. G details the time and fees, totaling $4822.65, for Penelope A. Boyd in this litigation.

11. The bills submitted with this Fee Petition do not include time spent in connection with the pending administrative due process hearing.

842516v1

12.     With respect to computer-generated time entries, the records are created as follows:  Contemporaneous with their activities, MMWR attorneys, law clerks, and paralegals record their time in writing (either on standardized timesheet forms provided by the firm or via professional time tracking computer software).  Each entry must include the file number, the number of hours expended (or portions thereof), and a description of the work performed.  On any given day, most attorneys have multiple entries for numerous files. As I complete the work throughout the day, I enter my time immediately and directly into the computer, using computer software designed for time tracking.  When I am out of the office, I contact my secretary by phone or e-mail, and she enters the time for that day directly into the computer.  MMWR policy requires that all time worked by an attorney must be entered into the time tracking system by the next business day.

13.     The computer generates the bills for each case from the contemporaneous written entries.  As such, the bills attached represent a computer-generated itemization of the contemporaneous time records in this litigation.

14.     The work done and the expenses incurred were reasonable and necessary for the prosecution of the claims asserted on behalf of Lauren and her parents.  The District's approach in refusing to remit payment for the tuition for Hill Top Preparatory School caused the fees in this matter to escalate rapidly.

15. The rates used herein are reasonable and comparable to fees approved by this Court and the United States Court of Appeals for the Third Circuit.

16. The Parents are entitled to reimbursement of fees and costs in the amount of $26744.01, as detailed below

| | |
|---|---:|
| MMWR fees and costs from July, 2002, Ex. C | 5675.24 |
| MMWR fees and costs from August, 2002, Ex. D | 14592.65 |
| MMWR fees and costs incurred through September, 2002, Ex. E | 1653.47 |
| Penelope A. Boyd fees and costs incurred July – September, 2002, Ex. F | 4822.65 |
| **TOTAL Fees and Costs through September, 23, 2002** | **26744.01** |

17. The facts contained in Plaintiffs' Petition for Attorney's Fees and Costs and accompanying Memorandum of Law are true and correct to the best of my knowledge, information and belief.

18. I have reviewed the contents of this Declaration, and I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief. Executed on September 26, 2002.

_____
CATHERINE MERINO REISMAN

842516v1