# Penelope A. Boyd

email: penelope.boyd@att.net
225 South Church Street West Chester PA
19380
610-692-6933
610-692-6754(fax)

**EMPLOYMENT**

| | |
|---|---:|
| **Attorney** | **1992-present** |

HEADLEY LAW OFFICES, LLC
PENELOPE A. BOYD, ATTORNEY, LLC

Private practice of law representing individuals with disabilities in matters relating to disability law, including special education proceedings (administrative and appellate), employment discrimination, access to services and to nondiscriminatory services. Public speaking and workshops for parents of students with disabilities.

| | |
|---|---:|
| **Attorney/Consultant** | **1993 - 1997** |
| NEW JERSEY PROTECTION & ADVOCACY, INC. | TRENTON NJ |

Training and support to attorneys representing individuals in special education matters, including law reform and class action litigation. Training and support to program of volunteer peer outreach and support in enforcement of rights of patients in the mental health system, in particular in state mental hospitals.

| | |
|---|---:|
| **Staff Attorney** | **1992 - 1996** |
| PUBLIC INTEREST LAW CENTER OF PHILADELPHIA | PHILADELPHIA PA |

Representation of students with disabilities in securing inclusive special education programs in Pennsylvania, New Jersey and Delaware.

| | |
|---|---:|
| **Attorney** | **1991- 1994** |
| Portnoff Law Associates | Berwyn PA |

Part time legal representation in domestic relations cases, municipal claims and zoning matters in Pennsylvania court system.

**Senior Staff Attorney**     1988 - 1990
DISABILITIES LAW PROJECT     PHILADELPHIA PA

Class action litigation and individual case law reform litigation on behalf of persons with disabilities. Counseling and referral for persons with disabilities on general and disability-related legal matters. Regular community education and public speaking appearances.

**Assistant Deputy Public Advocate I**     1986 -1988
STATE OF NEW JERSEY, DEPARTMENT OF THE PUBLIC ADVOCATE,
DIVISION OF MENTAL HEALTH ADVOCACY, CAMDEN REGIONAL OFFICE     CAMDEN NJ

Class action litigation and individual case law reform litigation on behalf of persons with disabilities. Counseling and referral for persons with disabilities on general and disability-related legal matters. Regular community education and public speaking appearances.

**Assistant Deputy Public Advocate II**     1982-1986
STATE OF NEW JERSEY, DEPARTMENT OF THE PUBLIC ADVOCATE,
DIVISION OF MENTAL HEALTH ADVOCACY, CLASS ACTION OFFICE     TRENTON NJ

Investigation, preparation and litigation of issues affecting persons with mental illness or a history of mental illness; preparation of testimony on legislative and regulatory proposals affecting persons with mental disabilities. Area of focus included insanity defense, persons with developmental disabilities confined to state mental hospitals and children in the mental health system.

**Private Practice**     1979-1985
PENELOPE A. BOYD, ATTORNEY AT LAW     PHILADELPHIA PA

Litigation including Halderman v. Pennhurst State School and Hospital, representation of individuals in the mental health system under a grant from the National Institute for Mental Health, training of members of the private bar to work with clients with disabilities under a grant from the Developmental Disabilities Advocacy Network, Inc.

**Managing Attorney**
    1981-1982
SOUTHEASTERN PENNSYLVANIA LEGAL SERVICES:
SERVING THE DEAF AND THOSE WITH DISABILITIES     PHILADELPHIA PA

Daily supervision of legal staff consisting of two staff attorneys, two paralegals, student interns and secretarial staff. Office served persons with disabilities with a variety of general and specialized legal problems. Carried own caseload and directed trial and appellate litigation.

2

**Project Coordinator**  1979-1985
PHILADELPHIA BAR ASSOCIATION MENTAL DISABILITY PROJECT  PHILADELPHIA PA

Development and direction of referral agency for persons with mental disabilities in need of legal services. Referrals were made to members of the private bar recruited and trained by the Project and its sponsoring body, the Philadelphia Bar Association Mental Health Committee. Project merged with Southeastern Pennsylvania Legal Services for the Deaf to form Southeastern Pennsylvania Legal Services in January of 1981.

## EDUCATION

**Juris Doctor**  1976 -1979
VILLANOVA UNIVERSITY SCHOOL OF LAW  VILLANOVA PA

**Bachelor of Arts (Pre-Law)**
 1972 - 1976
PENNSYLVANIA STATE UNIVERSITY  UNIVERSITY PARK PA

## PUBLICATIONS

Boyd, The Aftermath of the DD Act: Is There Life After Pennhurst ?, 4 **U.Ark.Little Rock L.Rev.** 395 (1982)

Boyd, Strategies in Zoning and Community Living Arrangements for Retarded Citizens: Parens Patriae Meets Police Power, 25 **Vill.L.Rev.** 273 (1980)

Ferleger & Boyd, Anti-institutionalization: The Promise of the Pennhurst Case, 31 **Stan.L.Rev. 717 (1979) reprinted Practising Law Institute, Legal Rights of Mentally Disabled Persons (1979) reprinted Normalization, Integration and Community Services (Flynn & Nitsche, Eds., 1980)**

## MAJOR LITIGATION*

Christen G. by her mother and next friend Louise G. v. Lower Merion School District, — F.Supp. — (E.D.Pa. 1996).

Oberti v. Clementon Board of Education, 789 F.Supp. 1322 (D.N.J. 1992)(on motions for summary judgment), 801 F.Supp. 1392 (D.N.J. 1992) aff'd 994 F.2d 1295 (3rd Cir. 1993)

---

\* Participation in all cases other than Christen G. was as co-counsel or law clerk with experienced counsel.

3

Halderman v. Pennhurst State School and Hospital, 446 F.Supp. 1295 (E.D.Pa. 1977); aff'd 612 F.2d 84 (3rd Cir. 1979)(en banc) vacated and remanded 451 U.S. 1 (1980) on remand 673 F.2d 645 (3rd Cir. 1982)(en banc) vacated and remanded 465 U.S. 89 (1984) on remand 707 F.2d 702 (3d Cir. 1983). See also 673 F.2d 645 (3d Cir. 1982)(en banc); 673 F.2d 647 (3d Cir. 1982); 612 F.2d 131 (3d Cir. 1979); 567 F.Supp. 1504 (E.D. Pa. 1983); 566 F.Supp. 185 (E.D. Pa. 1983); 97 F.R.D. 522 (E.D. Pa. 1983); 555 F.Supp. 835 (E.D. Pa. 1983); 555 F.Supp. 1144 (E.D. Pa. 1983); 555 F.Supp. 1142 (E.D. Pa. 1982); 555 F.Supp. 1138 (E.D. Pa. 1982); 96 F.R.D. 60 (E.D. Pa. 1982); 599 F.Supp. 153 (E.D. Pa. 1982); 545 F.Supp. 410 (E.D. Pa. 1982); 542 F.Supp. 619 (E.D. Pa. 1982); 536 F.Supp. 522 (E.D. Pa. 1982); 533 F.Supp. 668 (E.D. Pa. 1982); 533 F.Supp. 661 (E.D. Pa. 1982); 533 F.Supp. 649 (E.D. Pa. 1982); 533 F.Supp. 641 (E.D. Pa. 1982); 526 F.Supp. 428 (E.D. Pa. 1981); 526 F.Supp. 423 (E.D. Pa. 1981); 526 F.Supp. 414 (E.D. Pa. 1981); 533 F.Supp. 631 (E.D. Pa. 1981); 526 F.Supp. 409 (E.D. Pa. 1981); 452 F.Supp. 867 (E.D. Pa. 1978); 451 F.Supp. 233 (E.D. Pa. 1978).

Rennie v. Klein, 462 F.Supp. 1131 (1978), 476 F.Supp. 1294 (D.N.J. 1979), 481 F.Supp. 552 (D.N.J. 1979), aff'd in part, vacated and remanded in part 653 F.2d 836 (3rd Cir. 1981) vacated and remanded --U.S. --, on remand 720 F.2d 266 (3rd Cir. 1983)

Cospito v. Califano, 89 F.R.D. 374 (D.N.J. 1981), 742 F.2d 72 (3rd Cir. 1984)

Falter v. The Veterans Administration, 502 F.Supp. 1178 (D.N.J. 1980)

Institutionalized Juveniles v. Department of Public Welfare, 459 F.Supp. 30 (E.D.Pa. 1978)(three judge court), reversed 442 U.S. 640 (1980), on remand 87 F.R.D. 463 (E.D.Pa. 1980), 568 F.Supp. 1020 (E.D.Pa. 1983) aff'd in part, vacated and remanded in part, 758 F.2d 897 (3rd Cir. 1985).