## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAUREN W., by and through her** | **:** | |
| **Parents, JAMES W. AND JEAN W.,** | **:** | **CIVIL ACTION** |
| **Plaintiffs,** | **:** | |
| | **:** | **NO. 02-CV-4775** |
| **v.** | **:** | |
| | **:** | **(Judge Davis)** |
| **RADNOR TOWNSHIP SCHOOL** | **:** | |
| **DISTRICT,** | **:** | |
| **Defendant.** | **:** | |

## ORDER

AND NOW, this                day of                          , 2002, after consideration of

Plaintiffs' Petition for Attorney's Fees and Expenses, and Defendant, Radnor Township School

District's Answer and Brief in Opposition thereto, it is ORDERED that the Petition is DENIED.

_____
**DAVIS, J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LAUREN W., by and through her | : | |
| Parents, JAMES W. AND JEAN W., | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | NO. 02-CV-4775 |
| v. | : | |
| | : | (Judge Davis) |
| RADNOR TOWNSHIP SCHOOL | : | |
| DISTRICT, | : | |
| Defendant. | : | |

**THE DEFENDANT, RADNOR TOWNSHIP SCHOOL DISTRICT'S**
**ANSWER TO PLAINTIFFS' PETITION FOR ATTORNEY'S FEES AND EXPENSES**

The Defendant, Radnor Township School District (hereinafter referred to as the "District"), by and through its attorneys, Sweet, Stevens, Tucker & Katz LLP, presents the following Answer to Plaintiffs' Petition for Attorney's Fees and Expenses:

1.  Admitted in part, denied in part.  It is admitted that on August 30, 2002, this Court entered an Order that Plaintiff, Lauren W.'s pendent placement is the Hill Top Preparatory School during the pendency of the ongoing administrative proceedings.  The remaining averments contained in Paragraph 1 of Plaintiffs' Petition for Attorney's Fees and Expenses are denied.

2.  Admitted in part, denied in part.  It is admitted that parties who have prevailed on the merits of substantial or significant issues in IDEA and civil rights cases are entitled to an award of reasonable fees and costs.  The remaining averments

contained in Paragraph 2 of Plaintiffs' Petition for Attorney's Fees and Expenses

are denied.

3.    Denied.

4.    Denied.

**WHEREFORE**, the Defendant, Radnor Township School District, respectfully requests

that Plaintiffs' Petition for Attorney's Fees and Expenses by be denied and dismissed.

Respectfully submitted:

**SWEET, STEVENS, TUCKER & KATZ** LLP

Date: <u>October 10, 2002</u>           By:_____

**Jason R. Wiley,** Attorney I.D. No.  79874
**331 Butler Avenue, P.O. Box  5069**
New Britain, Pennsylvania  18901
215-345-9111
Attorneys for Defendant,
Radnor Township School District

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAUREN W., by and through her   :
Parents, JAMES W. AND JEAN W.,   :   CIVIL ACTION
    Plaintiffs,       :
            :   NO. 02-CV-4775
    v.         :
            :   (Judge Davis)
RADNOR TOWNSHIP SCHOOL   :
DISTRICT,          :
    Defendant.      :

**THE DEFENDANT, RADNOR TOWNSHIP SCHOOL DISTRICT'S**
**BRIEF IN OPPOSITION TO**
**PLAINTIFFS' PETITION FOR ATTORNEY'S FEES AND EXPENSES**

The Defendant, Radnor Township School District (hereinafter referred to as the "District"), by and through its attorneys, Sweet, Stevens, Tucker & Katz LLP, presents the following Brief in Opposition to Plaintiffs' Petition for Attorney's Fees and Expenses:

I.   **Factual and Procedural Background**

On July 18, 2002, the Plaintiffs filed a Complaint for Injunctive Relief and a Motion for Preliminary Injunction and Declaratory Relief. (See, Civil Docket for Case No. 2:02-CV-04775-LDD ("Docket"), Docket Entries 1 and 2). The Plaintiffs requested "Preliminary and permanent injunctive relief requiring the District to fund Lauren's placement at Hill Top Preparatory School ("Hill Top") until the appropriateness of the 2002-2003 IEP offered by the District is administratively and/or judicially adjudicated." (Docket Entry No. 1, p. 10).[1] The Plaintiffs

---

[1] At the same time Plaintiffs filed their Injunction Complaint, Plaintiffs filed a special education administrative due process hearing request, challenging the appropriateness of the District's proposed program and placement for Plaintiff, Lauren W., for the 2002-2003 school year. At this time, hearing sessions have occurred on July 22, 2002, August 2, 2002, September 4 and 5, 2002.

contended that Hill Top was Plaintiff, Lauren W.'s, "pendent placement" pursuant to the statutory "stay put" provision of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(j).  (See, Complaint, ¶¶ 40, 43 and "Prayer for Relief").

The District, despite its belief that Plaintiff has been offered an appropriate program and placement at the District for the 2002-03 school year, made a written offer of settlement to Plaintiff's counsel on June 25, 2002 wherein the District agreed to "maintain pendency at the Hill Top School" and "fund the tuition costs of the student attending Hill Top for the 2002-2003 school year, including transportation."  (See, Exhibit "A").  In the Complaint and Motion for Injunctive Relief, Plaintiff requested nothing more than what was offered by the District in the June 25, 2002 Offer.  (See, Docket Entries 1 and 2).

On August 30, 2002, the Court entered an Order granting Plaintiffs' Motion for Preliminary Injunction and Declaratory Relief.  (See, Docket Entry No. 15).  The Court Ordered Hill Top to be Lauren W.'s pendent placement during the pendency of the on-going administrative due process proceedings.  (Id., ¶¶ 1-2).  The District was Ordered to fund Lauren W.'s attendance at Hill Top during the pendency of the proceedings to determine appropriateness of the education program offered to Lauren for the 2002-2003 school year.  (Id., ¶ 3).

On September 12, 2002, the Court issued Findings of Fact and Conclusions of Law consistent with the August 30, 2002 Order.  (See, Docket Entry No. 18).  The Court concluded that "[Lauren] is entitled to remain at Hill Top during the pendency of the ongoing administrative due process proceeding."  (Id., ¶ 9).  And, "[T]he District is obligated to pay Lauren's tuition for Hill Top during the pendency of the proceedings to determine the appropriateness of the proposed 2002 IEP."  (Id., ¶ 11).  The Court Order of August 30, 2002 was reiterated with slight modifications as follows:

1. Hill Top is Lauren's "current educational placement" for purposes of § 1415(j) of the IDEA.
2. Lauren is entitled to remain at Hill Top during the pendency of the ongoing administrative due process proceeding, and the District is enjoined from changing this placement during the pendency of the ongoing administrative due process proceeding.
3. The District's financial obligations with respect to the pendent placement for academic year 2002-2003 are immediate.  The District is ordered to pay Lauren's tuition to attend Hill Top during the pendency of the administrative due process proceeding to determine the appropriateness of the IEP offered to Lauren for the 2002-2003 school year.
4. The District's request that the Plaintiff's parents post a bond in the amount of $22,000 is hereby DENIED.

(Id., p. 9).

The Plaintiffs filed the instant petition for interim attorney's fees and expenses on September 26, 2002.  (See, Docket Entry No. 19).  The District contends that Plaintiffs are not entitled to reimbursement for Attorney's Fees and Expenses for the reasons set forth below.

II.    **Argument**

A.    **Standard of Review**

Recovery of attorney's fees is a remedy available to prevailing parties under the IDEA. 20 U.S.C. §1415(i)(3)(B).  The standards governing the award of attorney's fees under 42 U.S.C. § 1988 are applicable to awards sought under the IDEA.  See, e.g., Hensley v. Eckerhart, 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Farrar v. Hobby, 506 U.S. 103, 111, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992); Jodlowski v. Valley View Community Unit Sch. Dist. No. 365-U, 109 F.3d 1250, 1253 n. 2 (7th Cir.1997).  "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  Farrar, 506 U.S. at 111-112, 113 S.Ct. at 573.  The District Court has wide discretion in determining a fee award. Holmes v. Millcreek Tp. School Dist., 205 F.3d 583, 596 (3d Cir. 2000).

**B.**  **Prevailing Party**

The preservation of the status quo pursuant to the pendency provision of the IDEA, 20

U.S.C. §1415(j), is not a decision on the merits and does not confer prevailing party status.  J.O.

ex rel. C.O. v. Orange Tp. Bd. of Educ., 287 F.3d 267 (3d Cir. 2002); J.C. by J.C. v. Mendham

Tp. Bd. of Educ., 29 F.Supp.2d. 214 (D.N.J. 1998) (Plaintiffs success with regard to the child's

temporary placement under the stay-put provision is insufficient to convert Plaintiffs into

prevailing parties); Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.,

89 F.3d 464, 469 (7th Cir. 1996), cert. denied, 117 S.Ct. 1556, 137 L.ed.2d 704 (1997) (The law

does not view Plaintiff as prevailing party because their only ultimate victory under the IDEA is

the invocation of the stay-put provision); Hunger v. Leininger, 15 F.3d 664, 670 (7th Cir.), cert.

denied, 513 U.S. 839, 115 S.Ct. 123, 130 L.Ed.2d 67 (1994) (the relief the Parents received,

invocation of the stay-put provision is only interim in nature, and the receipt of interim relief

does not qualify a party for attorneys' fees); Board of Educ. of Oak Park v. Nathan R., ex rel.

Richard R., 199 F.3d 377, 382  (7th Cir. 2000), cert. denied, 531 U.S. 822, 122 S.Ct. 65, 148

L.Ed.2d 30 (2000) ("Indeed, we also have stated explicitly that invocation of the stay-put

provision of the IDEA does not entitle the party to attorneys' fees"), citing, Steven L., supra. [2]

The precedent clearly establishes that maintaining status quo under the pendency

provision of the IDEA is interim in nature and does not involve any determination on the merits

of the case.  In this case, the Judge references the interim nature of the relief awarded Plaintiffs

---

[2]  K.R. ex rel. M.R. v. Board of Education of Brentwood Union Free School District, 66
F.Supp.2d 444 (E.D. N.Y. 1999) is the single case counsel has discovered in which interim fees
were awarded for an IDEA Plaintiff who obtained a "stay-put" injunction.  That case is
distinguishable, however, because the Defendant, Board of Education, actually attempted to
implement a new placement and the injunction was need to prevent the Board of Education from
doing so.  In this case, the District did not attempt to implement the newly proposed placement,
but actually offered to maintain pendency at Hill Top and to pay Hill Top tuition. (See, Exhibit
"A").

in the Order itself.  (See, Docket Entries 15 and 18).  The placement is only effective "during the

pendency of the ongoing administrative due process proceeding."   (Docket Entry No. 15).

Plaintiffs' receipt of interim relief under the stay-put provision does not entitle them to an award

of attorneys' fees and costs at this time.  The District respectfully requests that the Plaintiffs'

Petition for Attorney's Fees and Expenses be denied and dismissed.

### C.    Offer of Settlement

Even if Plaintiffs were entitled to an award of interim fees and costs as a result of the

Judge's invocation of the stay-put provision, Plaintiffs should be precluded from recovering fees

and costs because they rejected the District's written offer of settlement made prior to these

proceedings, and ultimately recovered less than what the District had offered.

The District made a written offer of settlement on June 25, 2002, prior to Plaintiffs' filing

of the Injunction Complaint, in which counsel for the District offered "to maintain pendency at

the Hill Top School" and "to fund the tuition costs of the student attending Hill Top for the 2002-

2003 school year, including transportation which the District has been providing for the past

school years."  (See, Exhibit "A").  All of the fees and costs requested in the instant Petition

occurred after the District's offer of settlement.  (See, Exhibits "D" through "G" to Plaintiffs'

Petition).

The IDEA, 20 U.S.C. §1415(i)(3)(D)(i) provides:

(i) Attorneys' *fees may not be awarded* and related *costs may not be reimbursed* in
any action or proceeding under this section for services performed subsequent to
the time of a written offer of settlement to a parent if--

   (I) the offer is made within the time prescribed by Rule 68 of the Federal
   Rules of Civil Procedure or, in the case of an administrative proceeding, at
   any time more than 10 days before the proceeding begins;

   (II) the offer is not accepted within 10 days; and

> (III) the court or administrative hearing officer finds that the relief finally
> obtained by the parents is not more favorable to the parents than the offer
> of settlement.

20 U.S.C. §1415(i(3)(D) (emphasis added); see T.F. and F.F. ex rel. T.F. v. North Penn School District, No. Civ. A. 98-6645, 1999 W.L. 627919 (Aug. 18, 1999), citing, 20 U.S.C. § 1415(i)(3)(D) ("Attorney's fees may not be awarded for services performed after a written offer of settlement made more than ten days before an administrative proceeding if such offer is not accepted within ten days and the parents fail to obtain relief more favorable than that previously offered"); Krichinsky By and Through Krichinsky v. Knox County Schools, 963 F.2d 847 (6th Cir. 1992) (Plaintiffs will not be awarded attorney fees in proceeding under IDEA where plaintiffs have rejected a written offer of settlement and relief finally obtained is no more favorable than that which was offered to settle the dispute); Mr. L. & Mrs. L. v. Woonsocket Educ. Dept., 793 F.Supp. 41 (D.R.I. 1992)(court applied the IDEA fee-shifting provision; court granted judgment in the defendant's favor, finding that because the defendant's earlier offer was more favorable than the relief obtained and the parents' rejection of the offer was not substantially justified, the plaintiffs were not entitled to a fee award).

The District agreed to pendency at Hill Top and agreed to pay tuition at Hill Top for the 2002-2003 school year.  (Exhibit "A").  The Court Order grants pendency at Hill Top and Orders the District to pay Hill Top tuition during the pendency of the administrative due process proceeding.  (Exhibit "A").  The Written Offer rejected by the Parents was equivalent to, and possibly more favorable than the relief actually obtained.[3]

---

[3] The written offer made by the District is more favorable than what Plaintiffs obtained.  The District offered to pay Hill Top tuition for the entire 2002-2003 school year.  The Court Ordered the District to pay Hill Top tuition during the pendency of the administrative due process proceeding.  It is almost certain that the administrative due process proceeding will conclude well before the end of the 2002-2003 school year.

All of the fees and costs requested by the Plaintiffs in this matter were incurred after the District's written offer. (See, Plaintiffs' Brief, Exhibits "D" through "G"). Because the Plaintiffs rejected a written offer that was equivalent to or greater than the relief actually obtained, the District respectfully requests that the Plaintiffs' Petition for Attorney's Fees and Expenses be denied and dismissed.

**D.     Unnecessary Protraction of Litigation**

Even if Plaintiffs request for Attorney' Fees and Expenses is not denied for the reasons set forth above, the request should denied or significantly reduced because Plaintiffs have unnecessarily protracted this litigation. As set forth above, Plaintiffs rejected the District's good faith offer and subsequently proceeded with this litigation requesting no more than that which had been offered.

The IDEA, 20 U.S.C. §1415(i)(3)(F) provides, in relevant part, as follows:

[W]henever the court finds that--
(i) the parent, during the course of the action or proceeding, unreasonably protracted the final resolution of the controversy…
the court shall reduce, accordingly, the amount of the attorneys' fees awarded under this section.

20 USC §1415(i)(3)(F); see also, T.F. v. North Penn School Dist., supra, 1999 WL 627919, *4 ("Attorney fees are to be reduced when the parent unreasonably protracts final resolution of the controversy"); Holmes v. Millcreek Tp. School Dist., 205 F.3d 583, 594 (3d Cir. 2000) (finding award of attorney's fees excessive where parents contributed to "the needlessly protracted proceedings").

As indicated in Section C, above, the District made a written offer of settlement on June 25, 2002, which Plaintiffs did not respond to. Less than one month after the written offer of settlement, on July 18, 2002, Plaintiffs filed their Complaint for Injunctive Relief in this Court,

seeking pendency at Hill Top and an Order compelling the District to pay Hill Top tuition during pendency. The Plaintiffs requested relief was identical to the relief offered by the District. The District respectfully requests that, because Plaintiffs have unnecessarily protracted the final resolution of this matter, their request for fees and expenses should be denied or significantly reduced.

### E.    Reasonable Hourly Rate

The moving party bears the burden of establishing the reasonableness of the requested fees. See Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir.1990), citing, Hensley, 461 U.S. at 433; see also, Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996). Plaintiff has the burden of providing the court with evidence supporting its fee petition. Hensley, 461 U.S. at 433. An attorney's showing of reasonableness must rest on evidence other than the attorney's own affidavits. Blum v. Stenson, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); see also, Holmes v. Millcreek Tp. School Dist., 205 F.3d 583 (3d Cir. 2000).

While Plaintiffs have submitted the "Declaration of Hannah Schwarzschild" in support of the reasonableness of Catherine Merino Reisman's $255 per hour rate and Danielle White's $150 per hour rate, the Plaintiffs fail to produce any evidence in support of the rates of Stephen G. Rhoads ($300 per hour) or Penelope Boyd ($225 per hour).[4]

Stephen G. Rhoads expended a total of 2 hours on this matter, on 7/17/02, 8/08/02, 8/9/02, 8/15/02, 8/21/02, 9/5/02, 9/12/02, and 9/13/02 at a rate of $300 per hour. (See, Exhibits "D", "E" and "F"). Because Attorney Rhoads has presented no evidence in support of his rate, the District respectfully requests a reduction of $600.

---

[4] There is also no curriculum vitae for Stephen Rhoads.

Penelope Boyd has submitted a bill for $4,822.65. (See, Plaintiffs' Brief, Exhibit "G"). Because Attorney Boyd has presented no evidence in support of her rate, the District respectfully requests a reduction of $4,822.65.

**F.    Objections to Specific Entries**

An attorneys' fee award may be reduced where the "defendant raises objections to specific requests…" <u>Cerva v. E.B.R. Enterprises. Inc.</u>, 740 F.Supp. 1099, 1103 (E.D.Pa. 1990).

Penelope Boyd has submitted a bill for $4,822.65. (See, Plaintiffs' Brief, Exhibit "G"). The total time expended by Attorney Boyd, and reflected in Exhibit "G", is 5.7 hours. At a purported hourly rate of $225, Attorney Boyd's bill should be $1,282.50. There is a discrepency in Attorney Boyd's bill of $3,540.15. Accordingly, the District respectfully requests a reduction of $3,540.15.

**G.    Expenses should be reduced to reflect reduction in fees.**

In order for costs awarded to be reasonable, any reduction in fees must also be reflected as a reduction in the costs awarded. <u>Orson Inc.</u>, 14 F.Supp. 2d at 728.

## III.    <u>CONCLUSION</u>

For all of the reasons set forth herein, defendant, Radnor Township School District, respectfully requests that this Honorable Court deny and dismiss or significantly reduce Plaintiffs' fees and expenses allegedly expended as set forth in their Petition.

Respectfully submitted:

**SWEET, STEVENS, TUCKER & KATZ** LLP

Date: <u>October 10, 2002</u>                      By:_____

**Jason R. Wiley,** Attorney I.D. No.  79874
**331 Butler Avenue, P.O. Box  5069**
New Britain, Pennsylvania  18901
215-345-9111
Attorneys for Defendant,
Radnor Township School District

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LAUREN W., by and through her | : | |
| Parents, JAMES W. AND JEAN W., | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | NO. 02-CV-4775 |
| v. | : | |
| | : | (Judge Hutton) |
| RADNOR TOWNSHIP SCHOOL | : | |
| DISTRICT, | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I, Jason R. Wiley, Esquire, counsel for Defendant, Radnor Township School District, hereby certify that a true and correct copy of the foregoing Answer and Brief in Opposition to Plaintiffs' Petition for Attorney's Fees and Expenses was forwarded to the following counsel at the following address, via Electronic Court filing on this date:

Catherine Merino Reisman, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109-1099

**SWEET, STEVENS, TUCKER & KATZ** LLP

Date: October 10, 2002         By:_____

**Jason R. Wiley, Esquire**
Atty. I.D. No.  79874
331 Butler Avenue, P.O. Box  5069
New Britain, Pennsylvania  18901
215-345-9111

Attorneys for Defendant,
Radnor Township School District