**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

LAUREN W., by and through her parents,
JAMES W. and JEAN W.,
                                    Plaintiffs

           v.

BOARD OF EDUCATION OF THE RADNOR
TOWNSHIP SCHOOL DISTRICT,
                                    Defendant

Civil Action

No 02 – cv – 4775

**REPLY IN FURTHER SUPPORT OF PLAINTIFFS'**
**PETITION FOR ATTORNEY'S FEES AND EXPENSES**

Plaintiffs James W. and Jean W. ("Parents"), individually and on behalf of Lauren W.,

submit this brief reply in further support of their Petition for Attorney's Fees and Expenses

("Petition") pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 794a, and 20 U.S.C. § 1415.   The

Parents offer this Reply to correct factual and legal errors in the brief ("Brief") filed by defendant

Radnor Township School District ("District").[1]

**A. Because the District Settlement Offer Conditioned Payment of Tuition at Hill**
**Top on a Waiver of Other Civil Rights, the Settlement Offer Does Not Preclude**
**Recovery of Attorney's Fees.**

The District's attempt to use its settlement offer to avoid liability for the Parents' fees fails

for two reasons.   First, the Parents achieved more favorable relief than was provided by the

offer.  Second, the Parents were substantially justified in rejecting the settlement offer.[2]

The District's offer of tuition payment at Hill Top Preparatory School ("Hill Top") was

*always* conditioned upon execution of a Settlement Agreement and a waiver of retrospective

civil rights claims.  *See* Ex. 3, Correspondence from Stephen J. Jacobson, Esquire to Catherine

---

[1]     In addition, the Parents supplement the record to correct an inadvertent error in the exhibits to the
original Petition.  Due to a clerical error, the bill for Penelope A. Boyd, Esquire attached to the original
Petition was missing a page.  *See* Ex. 1, Declaration of Catherine Merino Reisman, at ¶2; Ex. 2 (complete
invoice for P. Boyd).

[2]     The Individuals with Disabilities Education Act states that, notwithstanding 20 U.S.C.
§1415(i)(3)(D)(i), "an award of attorneys' fees and related costs may be made to a parent who is the
prevailing party and who was substantially justified in rejecting the settlement offer."   20 U.S.C.
§1415(i)(3)(E).

Merino Reisman, Esquire, dated July 12, 2002 at p.1 ("Please allow this correspondence to supplement [the earlier] offer of settlement, *again in exchange of a waiver of claims as we have discussed.*").   Accordingly, the relief obtained – pendency at Hill Top without a concomitant waiver of civil rights – was undeniably more than was offered by the District.

Additionally, the District was demanding a waiver of claims for monetary damages in return for paying Lauren's tuition at Hill Top during the pending proceeding.   This Court, however, determined that Hill Top was Lauren's pendent placement.   Lauren therefore had a right under IDEA to payment of her tuition at Hill Top during the administrative proceeding.   The Third Circuit Court of Appeals has questioned "the propriety of demanding and receiving a release of . . . claims in exchange for providing services to which a disabled child is otherwise entitled".   See *W.B. v. Matula*, 484, 487 (3d Cir. 1995).   Therefore, the Parents were substantially justified in refusing to sign a waiver of other claims to protect Lauren's right to tuition at Hill Top, a service to which Lauren was already entitled.

Finally, the District incorrectly asserts that the Parents failed to respond to its settlement offers.   In fact, plaintiffs' counsel spoke with Hollie John, Esquire on June 18 and 19, 2002 regarding the offer eventually memorialized in the June 25, 2002 correspondence attached as Ex. A to the District's Brief.   *See* Ex. 1, at ¶4. During those conversations, Ms. John indicated that the District conditioned its offer of tuition payment upon a release of retrospective civil rights.   The Parents rejected this settlement offer because it was conditional upon a release of claims for violations of Lauren's civil rights.   *Id.*[3]   For similar reasons, on July 15, the Parents orally rejected the July 12, 2002 offer of payment of tuition in exchange for a waiver of other rights.   *Id.*   The timing of these conversations between opposing counsel is supported by

---

[3]     Thus, at the time the District made the June 25 offer, the Parents had already rejected that same proposal *twice*, on June 18 and 19, 2002.  The Parents therefore simply allowed the already-rejected offer to expire.

contemporaneous time entries billed to the file for the pending administrative hearing.  *See* Ex. 1 at ¶¶5-6 and Ex. 4 hereto (redacted bills for matter 13212-00001).

**B.  Defendant Has Not Mounted a Cognizable Challenge to the Reasonableness of Penelope A. Boyd's Hourly Rate.**

The District's request to strike payment for Penelope Boyd's time is fatally flawed, both factually and legally.  The Declaration of Catherine Merino Reisman attached to the original fee petition, at ¶8, provides factual support for the reasonableness of Ms. Boyd's hourly rate.  By contrast, the District has produced no evidence that Ms. Boyd's rate is not reasonable.  Indeed, given Ms. Boyd's depth and breadth of experience in civil rights, disability rights and special education law (as reflected in the resume filed with the Petition), the District could not possibly refute the reasonableness of her hourly rate of $225/hour.

Additionally, the District's request to disregard the fees to Ms. Boyd is legally unsupportable.  Even if the District could and did produce some evidence that Ms. Boyd's hourly rate is not reasonable, the appropriate course of action would be to conduct a hearing, *not* strike the request for reimbursement of her fees.  *See Planned Parenthood of Central New Jersey v. Attorney General of the State of New Jersey*, 297 F.3d 253, 266 (3d Cir. 2002).[4]

**C.    CONCLUSION**

Based upon the foregoing, the Parents assert that they are entitled to an award of attorney's fees in the amount of $26,744.01, plus additional costs incurred in formulating this Reply.

---

[4]       Significantly, in *Planned Parenthood*, the defendants produced six affidavits challenging the reasonableness of the rates for plaintiffs' counsel.  Even with the submission of the affidavits, a hearing was necessary to determine the reasonable hourly rate.  In this case, in contrast to *Planned Parenthood*, defendants have not submitted any cognizable evidence challenging the reasonableness of Ms. Boyd's rate.

Respectfully submitted,

DATED: October 14, 2002

_____

Catherine Merino Reisman (I.D. No. 57473)
Stephen G. Rhoads (I.D. No. 47458)
Danielle M. White (I.D. No. 87772)
Montgomery, McCracken,
      Walker & Rhoads, LLP
123 South Broad Street, 24th Floor
Philadelphia, PA 19109
(215) 772-7296
(215) 731-3624 [direct fax]
creisman@mmwr.com


Of Counsel:
Penelope A. Boyd
Headley Law Offices LLC
225 South Church Street
West Chester, PA  19380
(610) 692-6933
(610) 692-6754 [fax]
penelope.boyd@att.net

Attorneys for Plaintiffs

847937v2