IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAUREN W., by and through her parents, JAMES W. and JEAN W.,<br>　　　　　　　　　　　Plaintiffs<br><br>　　　　v.<br><br>BOARD OF EDUCATION OF THE RADNOR TOWNSHIP SCHOOL DISTRICT,<br>　　　　　　　　　　　Defendant | Civil Action<br><br>No 02 – cv – 4775 |

**DECLARATION OF CATHERINE MERINO REISMAN**

　　　　Catherine Merino Reisman, Esquire hereby declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, as follows:

　　　　1.　　I am an attorney licensed in the Commonwealth of Pennsylvania and State of New Jersey, and admitted to practice before the United States District Courts for the Eastern and Middle Districts of Pennsylvania, and the United States Court of Appeals for the Third Circuit. I represent Lauren W. in the above-referenced matter and submit this Declaration in support of the Reply in Further Support of Plaintiffs' Petition for Attorney's Fees and Expenses ("Reply").

　　　　2.　　Due to a clerical error in my office, the bill for Penelope A. Boyd, Esquire attached to Plaintiffs' Petition for Attorney's Fees and Expenses was incomplete. A true and correct copy of the complete invoice is attached to the Reply as Ex. 2.

3.      I spoke with two attorneys at Sweet, Stevens, Tucker & Katz LLP regarding the offer of judgment appended as Exhibit "A" to defendant's Response in Opposition to Petition for Attorney's Fees.  Both Hollie John and Stephen Jacobson indicated to me that the payment of tuition at Hill Top Preparatory School for the 2002 – 2003 school year would be conditioned upon executing a Settlement Agreement that contained a waiver of Lauren's retrospective civil rights.  Indeed, in correspondence dated July 12, 2002 and attached to the Reply as Ex. 3, Mr. Jacobson specifically alluded to this condition, stating:  "Please allow this correspondence to supplement [the previous] offer of settlement, *again in exchange for a waiver of claims as we have discussed*."  Ex. 3 to Reply at p.1.

4.      The District incorrectly indicates that the Parents did not respond to their settlement offers.  In telephone calls on June 18 and 19 2002, I told Ms. John that Lauren's parents would not execute a release of civil rights claims in exchange for payment of Hill Top tuition for the 2002 – 2003 school year.  Thus, when the the offer in the June 25, 2002 correspondence was made, the District knew it had already been rejected.  In addition, on July 15, 2002, I informed Mr. Jacobson that Lauren's parents would not sign a release of civil rights claims in return for payment of the 2002 – 2003 tuition.  Mr. Jacobson reiterated that the District would not fund a Hill Top placement during the pendency of administrative proceedings without such a release.

5.      For billing purposes, the file number for Lauren, MMWR maintains two file numbers for Lauren Wilson.  We bill to file 13212-00001 for the due process hearing and 13212-00002 for the federal court litigation. The bills (with non-relevant time entries redacted and attached to the Reply as Ex. 4) reflect my telephone conversations with Ms. John and Mr. Jacobson regarding the settlement offer.

6.      With respect to computer-generated time entries, the records are created as follows:  Contemporaneous with their activities, MMWR attorneys, law clerks, and paralegals record their time in writing (either on standardized timesheet forms provided by the firm or via professional time tracking computer software).  Each entry must include the file number, the number of hours expended (or portions thereof), and a description of the work performed.  On any given day, most attorneys have multiple entries for numerous files. As I complete the work throughout the day, I enter my time immediately and directly into the computer, using computer software designed for time tracking.  When I am out of the office, I contact my secretary by phone or e-mail, and she enters the time for that day directly into the computer.  MMWR policy requires that all time worked by an attorney must be entered into the time tracking system by the next business day.  The computer generates the bills for each case from the contemporaneous written entries.  Thus, the bills attached as Ex. 4 to the Reply constitute a contemporaneous recording of the conversations with Ms. John and Mr. Jacobson.

847523v2

7. At no time did any attorney from Sweet, Stevens, Tucker & Katz LLP offer Lauren the relief requested and received in this proceeding – payment of Hill Top's tuition during the pendency of administrative proceedings without execution of a waiver of other civil rights.

8. I have reviewed the contents of this Declaration, and I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief. Executed on October 14, 2002.

_____
CATHERINE MERINO REISMAN