ATTORNEYS

# SWEET · STEVENS
# TUCKER & KATZ LLP

Practice Limited to Education and Employment Law

CHARLES N. SWEET
JEFFREY T. TUCKER
ELLIS H. KATZ
JANE M. WILLIAMS
HOLLIE B. JOHN
GINA K. DePIETRO
MICHAEL J. CONNOLLY
STEPHEN J. JACOBSON
JASON R. WILEY
JOSHUA S. GANZ
KATRINA O. FILIATRAULT
ROBERT T. SONNENBERG
PETER J. SOLNICK
DREW CHRISTIAN
SHARON W. MONTANYE

PAUL L. STEVENS
(1947-2001)

July 12, 2002

**VIA FACSIMILE (215) 772-7620 AND FIRST-CLASS MAIL**

Catherine Merino Reisman, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109

Re:  Lauren W    – Radnor Township School District
     Special Education Due Process Hearing - Our File No. 315.27

Dear Ms. Reisman:

As you are aware, we previously sent to you a written offer of settlement in accordance with the Handicapped Children's Protection Act of 1986, as amended, 20 U.S.C. Sec. 1415(i)(3)(D)(i)(I)-(III) for the issues raised by the parents for the upcoming due process hearing. Please allow this correspondence to supplement that offer of settlement, again in exchange for a waiver of claims as we have discussed.

First, the parents have indicated in their list of issues with the proposed IEP that they believe that the student is entitled to extended school year ("ESY") services. Notwithstanding that we are aware of no regression or recoupment data from the Hill Top School suggesting a need for ESY, nor do we believe that an ESY program is owed to the student given past agreements, the District is nonetheless willing to provide ESY services to the student this summer if the parents so desire.

Specifically, the District is willing to provide 3 hours per week of 1:1 tutoring for six weeks, or a total of 18 tutoring hours. Although the subject matter would have to be discussed, as we are unclear from the data what ESY services would be needed, such services could be provided.
The parents also indicated in their list of issues that they believe that a functional behavior assessment ("FBA") is warranted for the student. Although such request seemingly contradicts their concomitant issue that negative behavior has not been a problem for the student, the District is nonetheless willing to conduct an FBA as part of its proposed IEP. The District's psychologist indicates that he can consult with the parents as to what specific behavior is of concern to them, and that such could occur within the first month or so of the student being in class within the District.

In addition, while the District absolutely maintains that there is no entitlement to related services for the student while attending Hill Top (either in the past or future), in the interests of settling this matter, the District would be willing to consider a proposal by the parents. As of this

ATTORNEYS
**SWEET • STEVENS**
**TUCKER & KATZ** LLP

Catherine Merino Reisman, Esquire
July 12, 2002
Page 2 of 2

writing however, we still do not know what related services the parents believe the student was entitled to, and similarly we continue to await some indication of what the parents are seeking in this matter. Given this, we are unable address any type of potential settlement possibilities.

Finally, as we have also discussed, the District continues to be willing to meet for an IEP meeting to discuss the concerns of the parents as listed in their correspondence, and believe that such might be productive. Please contact our office if the parents wish to discuss their concerns at an IEP meeting.

Please note that the above offer is made for settlement purposes only, and under 20 U.S.C. Sec. 1415(i)(3)(D)(i)(II), your must respond to this offer within ten (10) days. If your client fails to do so, we will deem our offer rejected. Rejection of a settlement offer may effect rights that your client might otherwise have under the Handicapped Children's Protection Act of 1986 and the 1997 Amendments to the IDEA.

Although we believe the above in conjunction with our previous offer to be a fair and reasonable compromise to the parents' issues in this matter, we do not intend to foreclose further discussion of this matter by the parties.

Please feel free to contact us if you have any questions or concerns.

Very truly yours,

Stephen J. Jacobson
For SWEET, STEVENS, TUCKER & KATZ LLP

cc:   Dr. Kitty Lugar (via facsimile only)